**UNITED STATES of America,**
**Appellee,**

v.

**Anthony PACCIONE and Michael**
**Paccione, Defendants–**
**Appellants.**

**Docket Nos. 99–1211, 99–1212.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 10, 2000.

Decided Feb. 3, 2000.

Steve Zissou (Randall D. Unger, of counsel, on the brief), Bayside, N.Y. for Defendant–Appellant Anthony Paccione.

Warren S. Landau, Cedarhurst, N.Y. for Defendant–Appellant Michael Paccione

Robert P. LaRusso, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, Susan Corkery, Assistant United States Attorney, on the brief), Eastern District of New York, Brooklyn, N.Y. for Appellee

Before: NEWMAN, WALKER, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Defendants-appellants Anthony and Michael Paccione (hereinafter "defendants" or "appellants") appeal from the March 3, 1999 judgments of conviction and sentence of the United States District Court for the Eastern District of New York (Jacob Mishler, *District Judge*). Appellants were convicted, following a jury trial, of arson in violation of 18 U.S.C. § 844(i), conspiring to commit arson in violation of 18 U.S.C. § 371, and mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced them to 87 months' imprisonment and three years' supervised release, imposed a $450 assessment, and ordered restitution in the amount of $2,744,306.

Appellants raise numerous claims of error on appeal. In a summary order entered simultaneously with this opinion, we dispose of all but one of these claims and resolve them against appellants. We consider here appellants' remaining claim on appeal: that the district court erred in imposing a leadership enhancement against them pursuant to § 3B1.1(a) of the United States Sentencing Guidelines (hereinafter "U.S.S.G." or "Guidelines"). This appeal raises an issue we have never before addressed squarely: whether a defendant himself may be included among the "five or more participants" in a criminal activity for purposes of a leadership role enhancement under § 3B1.1(a) of the Guidelines. We hold that a defendant can be included, and accordingly affirm the district court's decision to impose an enhancement against both defendants here.

## BACKGROUND

The facts of this case are set forth somewhat more fully in the accompanying order. Here we summarize only those facts pertinent to the discussion of the leadership enhancement. The government argued, and the jury apparently believed, that the Pacciones arranged for their financially unsuccessful nightclub, Levittown Events, Inc., to be burned down so that they could collect insurance money and pay off their debts. Michael Allocca, an employee at another store in the strip mall in which Levittown Events was located, testified that he helped move equipment and other materials from the club to the basement of the store in which he worked in the month prior to the fire on orders from his boss, Peter Vario. He

also recounted several conversations between Vario and defendants suggesting that all three conspired to commit the arson. Finally, he was prepared to testify at the sentencing hearing that Vario mentioned at least two other individuals—Anthony Vincuillo, Jr. and Chris Carpentieri—as direct participants in the arson, and the district court credited this proposed testimony as reliable. The court concluded that both defendants qualified as leaders of a criminal activity involving five or more participants and thus imposed a four-level enhancement pursuant to § 3B1.1(a) of the Guidelines.

## DISCUSSION

■ U.S.S.G. § 3B1.1(a) mandates a four-level enhancement in offense level for a defendant who is "an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive." "Whether we consider defendant a leader depends upon the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." *United States v. Beaulieau*, 959 F.2d 375, 379–80 (2d Cir.1992). In assessing whether a criminal activity "involved five or more participants," only knowing participants are included. *Compare* U.S.S.G. § 3B1.1 application note 1 (defining "participant" as "a person who is criminally responsible for the commission of the offense"), *with* United States v. Brinkworth, 68 F.3d 633, 641–42 (2d Cir.1995) (distinguishing between "criminally responsible" and "unwitting" participants). By contrast, in assessing whether a criminal activity is "otherwise extensive," unknowing participants in the scheme may be included as well. *See United States v. Carrozzella*, 105 F.3d 796, 803–04 (2d Cir.1997); U.S.S.G. § 3B1.1 application note 3. We review the district court's conclusion that defendants deserved a leadership enhancement under U.S.S.G. § 3B1.1(a) *de novo*, but review the court's findings of fact supporting its conclusion for clear error. *See United States v. McGregor*, 11 F.3d 1133, 1138 (2d Cir.1993).

■ Here, there was clear support for the district court's conclusion that the Pacciones were organizers or leaders of a criminal activity for purposes of § 3B1.1. The evidence suggested that the Pacciones planned the arson and enlisted Vario's assistance in moving valuables out of the club. Moreover, the district court credited Allocca's proposed testimony that at least two other individuals participated directly in the arson, and found that whoever set the fire must have had the Pacciones' permission in order to gain access to the club. Thus, the district court did not clearly err in determining that defendants played a crucial role in the planning, coordination, and implementation of a criminal scheme involving at least the Pacciones themselves, Vario, Vincuillo, and Carpentieri.

■ Nevertheless, in order to assess the appropriateness of the leadership enhancements here, we must decide whether the evidence permitted a finding that the criminal activity "involved five or more participants." In so doing, we must determine whether, for each defendant, it is proper to include the defendant himself when counting the number of knowing participants in the criminal activity. This question has never been squarely addressed in this circuit, though we have assumed variously that a defendant could be included, *see, e.g., United States v. Napoli*, 179 F.3d 1, 14 (2d Cir.1999); *United States v. Lanese*, 890 F.2d 1284, 1293 (2d Cir.1989), and that a defendant could not be included, *see, e.g., United States v. Melendez*, 41 F.3d 797, 800 (2d Cir.1994). We are compelled to reach the question in this case for two reasons. First, in our view, the government has not shown that the arson conspiracy involved any more than the five knowing participants listed above, including both defendants. The evidence suggests that certain other individuals identified by the government as possible

participants—Michael Steinberg and Ernie Schaffer—either participated unwittingly or participated in the subsequent insurance fraud, but not the arson.[1] Second, the district court made no explicit finding that the criminal scheme here was "otherwise extensive"; its decision rested solely on its conclusion that the scheme "involved five or more participants." Thus, its sentencing determination can be upheld only if the "five or more participants" may include the defendants themselves.

We hold that a defendant may properly be included as a participant when determining whether the criminal activity "involved five or more participants" for purposes of a leadership role enhancement under § 3B1.1. First, the plain text of the Guideline supports this conclusion. The Guideline uses language—"five or more participants"—that does not in any way distinguish the defendant subject to the enhancement from the other individuals involved in the criminal scheme.

Second, the language of the Application Notes to § 3B1.1 suggests that a defendant should be viewed as a "participant" for purposes of this section. Application Note 1 defines a "participant" as "a person who is criminally responsible for the commission of the offense," a definition that plainly includes the defendant. Application Note 2 talks about a defendant's actions with respect to "other participants" or "another participant," again indicating that the defendant himself should be considered a "participant."

We note that all of the circuits that have addressed the question have decided that a defendant may be included when determining whether there were five or more participants in the criminal activity in question. *See, e.g., United States v. Hardwell,* 80 F.3d 1471, 1496 (10th Cir.1996); *United States v. Holland,* 22 F.3d 1040, 1045 (11th Cir.1994); *United States v. Barbontin,* 907 F.2d 1494, 1498 (5th Cir.1990); *United States v. Preakos,* 907 F.2d 7, 10 (1st Cir.

1990). We see no reason to depart from this apparent consensus among our sister circuits.

Applying this rule in the case before us, we conclude that the district court did not err in imposing a leadership role enhancement. Anthony and Michael Paccione could each reasonably be viewed as a leader or organizer of a conspiracy including at least five participants: the defendants themselves, Vario, and the two individuals identified as direct participants in the arson.

### CONCLUSION

For the foregoing reasons, and the reasons expressed in the summary order entered contemporaneously with this opinion, we affirm the district court's judgments of conviction and sentence.

---

1. Because Allocca was never alleged to be a co-conspirator by the government, we do not consider here the nature of his participation in the scheme.