**UNITED STATES of America,**
**Appellee,**

v.

**Vivian ROGERS, Defendant,**

**Damon Graham, Defendant–Appellant.**

**No. 00–1693.**

United States Court of Appeals,
Second Circuit.

June 12, 2001.

*Pisano,* 116 F.3d 625 (2d Cir.1997) (JON, *GC,* Hurley).

John R. Williams, Esq., New Haven, CT, for defendant-appellant.

Anthony E. Kaplan for Stephen C. Robinson, United States Attorney for the District of Connecticut, New Haven, CT; Nancy V. Gifford, on the brief, for appellee.

Present CALABRESI and KATZMANN, Circuit Judge, and KAPLAN, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED. For Defendant Appellant

### I. BACKGROUND

On March 23, 2000 a federal grand jury returned an indictment charging "DAMON IVANHOE GRAHAM" ("Graham" or the "defendant") and a co-conspirator with conspiracy "to possess with intent to distribute and to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base/crack cocaine." On July 7, 2000, Graham pleaded guilty to this charge, and on Sep-

---

tember 25 he was sentenced principally to 120 months imprisonment, to run consecutively to an unrelated State sentence. At his plea allocution, the defendant stated under oath that his name was "Damon Ivanhoe Graham," and over the course of the plea proceedings, Graham signed his name to a written plea agreement and an attached stipulation of offense conduct, both times inscribing his name over a signature line marked "DAMON IVANHOE GRAHAM."

On October 4, Graham filed a timely notice of appeal of this conviction.

## II. DISCUSSION

On appeal, Graham does not contest the knowingness or voluntariness of his guilty plea, nor does he cast doubt on his identity as the perpetrator of the charged crimes. Instead, as he has earlier argued in two *pro se* documents dated September 8, 2000 and in oral remarks he made at his sentencing hearing, Graham contends that because the indictment printed his name "DAMON IVANHOE GRAHAM" in all capital letters, whereas he writes his name "Damon Ivanhoe Graham" using a mix of capital and lowercase letters, the indictment did not adequately charge him with committing the offense for which he was convicted. On this basis, Graham claims that his conviction violates the Indictment Clause of the Fifth Amendment.

This argument is frivolous. The difference between the ordinary mix of capital and lowercase letters Graham uses in writing his name and the all capital letters used in the indictment does not constitute a constructive amendment of the indictment. *See generally United States v. Wozniak,* 126 F.3d 105, 109 (2d Cir.1997) ("[A] constructive amendment occurs when the government's presentation of evidence and the district court's jury instructions combine to modify essential elements of the offense charged to the point that there

is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury") (internal quotation marks and citations omitted). Nor is it a prejudicial variance in the indictment. *See generally United States v. Helmsley,* 941 F.2d 71, 89 (2d Cir.1991) ("[A] variance occurs when the charging terms are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment."). Instead, the use of all capital letters in the indictment charging Graham is a purely formal typographical convention that does not affect any substantive rights.

## III. CONCLUSION

We have reviewed Graham's claims and find them to be without merit. Accordingly, the judgment of conviction entered by the district court is AFFIRMED.