UNITED STATES of America,
Appellee,

v.

Lawrence Ivan JOHNS, also known as Larry, Defendant–Appellant.

Docket No. 02–1057.

United States Court of Appeals,
Second Circuit.

Argued: Jan. 16, 2003.

Decided: March 28, 2003.

Bobbi C. Sternheim, New York, NY, for Appellant.

Catherine W.H. So, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before: WINTER, LEVAL, and CABRANES, Circuit Judges.

LEVAL, Circuit Judge.

Defendant-appellant Lawrence Ivan Johns was convicted by jury in the United States District Court for the Eastern District of New York (David G. Trager, *J.*) of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). In sentencing him, the district court imposed a two-level enhancement for obstruction of justice under United States Sentencing Guidelines § 3C1.1 because of Johns's perjury. Johns appeals, claiming primarily that the evidence at trial was insufficient to support his conviction and that the district court erred by not making explicit factual findings of perjury to support the obstruction of justice enhancement. We affirm.

## BACKGROUND

In February 2001, Johns spoke to Franklin Chan about selling him crack cocaine. Chan had bought crack from Johns at least ten times since 1999. At the time of the February 2001 conversation, Chan was cooperating with agents from the Drug Enforcement Agency ("DEA"). He discussed the proposed deal several times with Johns and, on July 23, 2001, at the direction of DEA agents, placed a telephone call to Johns that was recorded by the agents. During that call, Johns agreed to sell Chan 500 grams of crack for $13,500. During a second recorded telephone call, Chan and Johns arranged a meeting at a Kentucky Fried Chicken restaurant in Brooklyn, New York. DEA agents drove Chan to the site and wired him with a tape recorder and transmitter. Johns drove to the Kentucky Fried Chicken in a Nissan Maxima. Wearing a recording device, Chan got into the Maxima with Johns, where Johns showed him two bags containing a powdery substance. After examining the substance, Chan got out of the car and signaled to the agents, who approached Johns. Johns got out of the Maxima and ran away but was apprehended by the agents. Another group of agents searched the Maxima, finding two

bags and a scale. The bags were later determined to contain nearly 500 grams of cocaine base. Agents also found in the car several documents bearing Johns's name. After arresting Johns, one DEA agent gave him a *Miranda* warning, and Johns waived his *Miranda* rights. He stated that he was a mere delivery man and the drugs were not his. He also identified Chan by a nickname.

Johns was indicted and charged with one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A). Before trial, Johns sought to suppress his post-arrest statements on the grounds that he had not received a *Miranda* warning. He also sought to suppress items seized from his person during a post-arrest search, claiming that the DEA agents lacked probable cause to arrest him and therefore that the search incident to arrest was improper. Johns testified at the suppression hearing, claiming that he had gotten off a bus and was walking to a pharmacy when DEA agents arrested him. He denied knowing or ever speaking to Chan. He also denied being inside the Maxima, receiving a *Miranda* warning, and making any post-arrest statements. The district court found the testimony of the DEA agents credible and denied Johns's motion to suppress.

During a three-day jury trial, Chan testified to his dealings with Johns, including their prior drug transactions and the sale negotiations that DEA agents recorded. DEA agents testified to seeing Johns in the Maxima, discovering drugs and documents bearing Johns's name in the Maxima, and discovering a cell phone near Johns's person after arrest which had the same number that Chan had called earlier that day when he spoke to Johns. Johns testified on his own behalf, again claiming that he did not know Chan, had not driven

the Maxima, and made no post-arrest statements.

Johns was found guilty. The Presentence Report ("PSR") recommended that the district court increase his offense level by two points for obstruction of justice, pursuant to United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 3C1.1. At sentencing, Johns objected to the enhancement, but the district court concluded that Johns's false testimony justified application of the two-level enhancement. Applying the two-level increase, the court sentenced Johns to 210 months' imprisonment, a five-year term of supervised release, and a special assessment of $100. In the written order of judgment and commitment, the court specified that it adopted the factual findings and the Guidelines application recommended by the PSR (with one exception not relevant to this appeal).

### DISCUSSION

Johns presents two main issues on appeal: whether the evidence at trial was sufficient to support his conviction for possession of cocaine base with intent to sell; and whether the district court erred in imposing the two-level enhancement for obstruction of justice. In a supplemental *pro se* brief, Johns also asserts that the court committed error in instructing the jury on the government's burden of proof; that the court exhibited bias in criticizing Johns for not pleading guilty; and that the prosecutor made improper remarks during her closing argument.

### Sufficiency of the evidence

 Johns argues that the evidence was insufficient to sustain his conviction because it was largely based on the uncorroborated testimony of Chan, which was unreliable because Chan testified pursuant to a cooperation agreement. In reviewing the sufficiency of the evidence supporting

a conviction, we view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor. *See United States v. Autuori,* 212 F.3d 105, 114 (2d Cir.2000). A conviction will be affirmed if a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In addition to Chan's testimony identifying Johns and describing their transactions, the evidence included recordings of two of their incriminating conversations and testimony of federal agents that they recognized Johns's voice on the recordings and recognized him as the person who had been in the Maxima where the drugs were found. Additionally, documents bearing Johns's name were found in the Maxima, Johns had admitted to being a delivery man for the drugs after being arrested, and a cellular phone with the number that Chan had called to discuss the drug transaction was found near Johns's person at the time of his arrest. This evidence was easily sufficient to support his conviction.

### Obstruction of justice

■ Johns argues that the district court erred in imposing a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on his perjured testimony.[1] Johns argues that the district court's notation in the judgment and commitment order to the effect that it adopted the findings of the PSR, recommending an obstruction of justice enhancement, did not constitute findings necessary to establish obstruction of justice as required by *United States v. Dun-*

*nigan,* 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

The Supreme Court stated in *Dunnigan* that, before imposing an enhancement under U.S.S.G. § 3C1.1 based on the defendant's perjury at trial, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice." *Dunnigan,* 507 U.S. at 95, 113 S.Ct. 1111. While "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," it is sufficient if the court makes findings that "encompass[ ] all of the factual predicates for a finding of perjury." *Id; see also United States v. Shonubi,* 998 F.2d 84, 88 (2d Cir.1993) ("[A] general finding of obstruction that tracks those factual predicates necessary to support a finding of perjury will suffice."). In *United States v. Ben–Shimon,* 249 F.3d 98 (2d Cir.2001) (*per curiam* ), we noted the open question in our Circuit "whether a district court's adoption of the findings of a PSR is sufficient to discharge its duties under *Dunnigan.*" *Id.* at 103; *see also United States v. Williams,* 79 F.3d 334, 337 (2d Cir.1996). In both *Ben–Shimon* and *Williams,* we held that where a defendant's PSR provided mere conclusory assertions of obstruction of justice, adoption by the court of the PSR's findings did not satisfy the *Dunnigan* requirement. *Ben–Shimon,* 249 F.3d at 103–04; *Williams,* 79 F.3d at 337; *see also United States v. Bradbury,* 189 F.3d 200, 205 (2d Cir.1999) (remanding regardless whether district court adopted PSR because "the ... PSR's conclusions were not sufficient to support an obstruction enhancement").

---

1. This Guideline provides that the sentencing court may increase the offense level by two levels if "the defendant willfully obstructed or impeded ... the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1.

Here, by contrast, the PSR sets forth reasonably detailed findings in support of its conclusions. It describes Johns's testimony at the suppression hearing and at trial claiming that he did not know Chan, did not drive to the Kentucky Fried Chicken in the Maxima, did not receive *Miranda* warnings, and did not make post-arrest statements. It also notes the testimony of Chan and the DEA agents contradicting the defendant's account. It concludes that Johns provided false testimony on a material issue with the intent to obstruct justice. We conclude that the findings of the PSR were sufficiently detailed and explicit that their adoption by the district court satisfied the obligations imposed by *Dunnigan. See United States v. Reed,* 49 F.3d 895, 900–01 (2d Cir.1995) ("When the sentencing court resolves a disputed issue of fact, it is required to state its findings with sufficient clarity to permit appellate review."); *see also United States v. Thompson,* 76 F.3d 442, 456 (2d Cir.1996) ("It is sufficient [to permit appellate review of factual findings] if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the PSR.").

### Other issues raised by Johns

In a supplemental *pro se* brief, Johns raises three additional arguments. First, he claims that the district court erred in instructing the jury about evidence of his prior drug transactions. Second, he argues that the district court showed bias in criticizing his decision not to plead guilty. Finally, he argues that the prosecution impermissibly vouched for the truthfulness of its witnesses during closing arguments. We find no merit in any of these contentions.

██ During the course of the trial, the government was permitted to introduce earlier conversations between Chan and Johns in which the two discussed other cocaine transactions, as well as a proposed purchase of ecstasy pills. The district court stated that it was admitting this evidence under Fed.R.Evid. 404(b) for the purpose of explaining the relationship between Johns and Chan. In charging the jury, however, the court instructed the jury to consider evidence of prior criminal conduct only for the limited purpose of showing the defendant's intent, rather than explaining the relationship between Chan and Johns. Johns's trial counsel did not object to the charge, and stated that he did not want the charge corrected in order to avoid emphasizing that evidence. Johns now argues that the court erred in its Rule 404(b) jury instructions about the relevance of evidence of prior criminal activity. This was at worst harmless error.

██ Johns also points to a colloquy in which the district court, while addressing Johns's request for a different counsel, allegedly criticized his decision not to plead guilty. He argues that this demonstrated the district court's bias against him. The judge's comment, outside the presence of the jury, endorsing the wisdom of defense counsel's advice to plead guilty, did not show bias and was not improper.

██ Finally, Johns argues that the prosecution impermissibly vouched for the veracity of its witnesses during summation. The contention has no merit. The Assistant United States Attorney identified aspects of the evidence that corroborated her witnesses, in arguing that the jurors should accept their testimony as true. That is appropriate argument. Furthermore, there was no objection.

### CONCLUSION

We affirm the judgment.