**UNITED STATES of America, Appellee,**

**v.**

**Jose AGUIRRE and Kenneth Hawkins, Defendants–Appellants.**

**Docket Nos. 01–1317(L), 01–1428(CON).**

United States Court of Appeals, Second Circuit.

Feb. 3, 2004.

Michael J. Gustafson, Assistant United States Attorney (Jeffrey A. Meyer, Assistant United States Attorney, on the brief) for Kevin J. O'Connor, United States Attorney for the District of Connecticut, for Appellee.

Stanley L. Cohen, New York, N.Y., for Kenneth Hawkins, for Appellants.

Jose Aguirre, Pecos, Tex., pro se.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA,* District Judge.

SUMMARY ORDER

Defendant Kenneth Hawkins, represented by counsel, and defendant Jose Aguirre, proceeding *pro se,* here appeal their judgments of conviction for conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846 (1994 & Supp. III 1998). Hawkins also appeals his sentence.

Full familiarity with the record is here assumed. Hawkins first argues that the district court should have *sua sponte* ordered a hearing to determine his competency to represent himself and plead guilty, and that he did not knowingly and intelligently do so. Having thoroughly reviewed the transcripts of the proceedings below, we cannot conclude that the district court abused its discretion in not ordering a competency hearing, *see United States v. Quintieri,* 306 F.3d 1217, 1232–33 (2d Cir. 2002); *United States v. Morrison,* 153 F.3d 34, 46 (2d Cir.1998); *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986), nor do we think the district court erred in finding that Hawkins knowingly and intelligently waived his rights to counsel, *see United States v. Fore,* 169 F.3d 104, 107–08 (2d Cir.1999); *United States v. Tracy,* 12 F.3d 1186, 1191–92 (2d Cir.1993), and to a trial by jury, *see* Fed.R.Crim.P. 11(b); *United States v. Parkins,* 25 F.3d 114, 117 (2d Cir.1994); *Panuccio v. Kelly,* 927 F.2d 106, 110 (2d Cir.1991). Although Hawkins's legal arguments were certainly "bizarre," *United States v. Auen,* 846 F.2d

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

872, 878 (2d Cir.1988), they are perfectly consistent with those of a willful, but sane, *pro se* litigant (and, we note, have been advanced by other defendants, *see, e.g., United States v. Rogers,* 16 Fed.Appx. 38, 39 (2d Cir.2001)), and they do not, in light of the complete record, provide "reasonable cause" to order a competency hearing, *see* 18 U.S.C. § 4241(a) (2000); *Quintieri,* 306 F.3d at 1233–34. On various occasions, Hawkins lucidly responded to questions from the bench and his own attorney and statements by the government's attorneys, *see, e.g.,* Tr. at 2–4, 26, 29 (July 25, 2001); Tr. at 2–4 (May 2, 2001); Tr. at 7 (Jan. 12, 2001); Tr. at 8–25 (Oct. 16, 2000); Tr. at 17–19 (May 25, 2000); Tr. at 3–10 (Apr. 19, 2000), which indicates that he had a "rational as well as factual understanding of the proceedings against him," *Morrison,* 153 F.3d at 46. We also note that none of Hawkins's attorneys, frustrated as they were with their client's intransigence, suggested that Hawkins was incompetent. To the contrary, when explicitly asked by the district court during Hawkins's guilty plea whether he had "any doubts as to his competency," his stand-by counsel responded, "[n]o," an opinion to which we give significant weight, *see Quintieri,* 306 F.3d at 1233. In light of the district court's frequent and thorough colloquies with Hawkins, its painstaking efforts to explain the risks of self-representation and the sacrifices involved with a plea, and its exposure to his demeanor throughout the proceedings, we see no basis for substituting our judgment for that of the district court that Hawkins was competent, and we conclude that Hawkins voluntarily, knowingly, and intelligently waived his right to counsel and pled guilty to count one of the second superseding indictment.

As to Hawkins's sentence, we likewise find no error. First, regarding a four-level enhancement for Hawkins's leadership role pursuant to U.S.S.G. § 3B1.1(a), we review the district court's ultimate conclusion *de novo* and the court's findings of fact supporting its conclusion for clear error. *United States v. Paccione,* 202 F.3d 622, 624 (2d Cir.2000). In determining whether the defendant "was an organizer or leader of a criminal activity that involved five or more participants," U.S.S.G. § 3B1.1(a), we note that the defendant can be counted as one of the participants, *Paccione,* 202 F.3d at 624, and "the Sentencing Guidelines only require that the defendant be an organizer or leader of one or more of those participants" for the enhancement to apply, *United States v. Si Lu Tian,* 339 F.3d 143, 156 (2d Cir. 2003); *see* U.S.S.G. § 3B1.1 cmt. n. 2. Hawkins himself identified three co–conspirators–Kimball, Liberty, and Ciampi –at his plea, he agreed with the government that Rose carried money for him, and the pre-sentence report (the findings of which the district court adopted with certain modifications) indicates that Hawkins paid Rose and Kimball to perform certain tasks and that Liberty, Johnson, and Ciampi were investors in a drug enterprise that Hawkins organized. Accordingly, the district court's conclusion that there were "at least six participants in [an] overarching conspiracy" that Hawkins organized was sufficiently supported by the record.[1] And although the district court mis-spoke at one point by referring to Hawkins as a "leader or supervisor," conflating the language used in U.S.S.G. § 3B1.1(a) and § 3B1.1(b), it is clear, based on the district judge's other remarks on that page and elsewhere, and in light of the language

1. To the extent the district court erred in relying on information contained in Johnson's plea allocution without giving notice, we find no prejudice to Hawkins, as the pre-sentence report identified Johnson as a participant in the conspiracy, and the record supports a finding that Hawkins supervised at least two other participants, Rose (whom the district court identified) (A 238) and Kimball.

used in the pre-sentence report, that the district court intended to impose a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a).

Second, as to the two-point enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, the district court found that Hawkins "willfully ... sought to intimidate ... two victims into not cooperating with the authorities," which finding was not clearly erroneous, *see United States v. Brown,* 321 F.3d 347, 351 (2d Cir.2003), and is sufficient to support the enhancement, *see United States v. Sanchez,* 35 F.3d 673, 679–80 (2d Cir.1994).

Third, the district court's conclusion that Hawkins did not accept responsibility (and thus did not deserve a reduction in sentence pursuant to U.S.S.G. § 3E1.1) is sufficiently supported by the record. *See United States v. Jeffers,* 329 F.3d 94, 102 (2d Cir.2003); *United States v. Hirsch,* 239 F.3d 221, 226 (2d Cir.2001). It was perfectly reasonable for the district court, in an effort to clarify Hawkins's position after he attempted to withdraw his plea, to ask Hawkins whether he thought he did anything wrong, and Hawkins answered "No." And the district court's other factual findings–that Hawkins displayed no remorse, pled guilty after jury selection, and only to get a better deal with the government–are eminently reasonable. For its part, the government complied with its burden under the plea agreement by recommending a three-point reduction, and its subsequent remarks that Hawkins "thinks he's above the law," which came only after the court denied acceptance of responsibility credit (and thus could not have affected that ruling), were perfectly consistent with the power reserved to the government under the plea agreement "to address the Court with respect to an appropriate sentence to be imposed in this case." The government breached neither the letter nor the spirit of the plea agreement.

Aguirre, who was convicted after a jury trial, challenges the sufficiency of the evidence and certain of the district court's evidentiary rulings. In evaluating whether the government proved that Aguirre knew of the charged conspiracy and knowingly and willfully joined it, *United States v. Gore,* 154 F.3d 34, 40 (2d Cir.1998), "we view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor," *United States v. Johns,* 324 F.3d 94, 97 (2d Cir.2003). "A conviction will be affirmed if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Both Kimball and Liberty testified that Aguirre was the source of more than 100 kilograms of marijuana for transactions in which each participated, and their testimony was corroborated by the testimony of two DEA agents. Although Aguirre complains that each witness is incredible and had a motive to lie, that is not a sufficient basis for overturning his conviction, *see United States v. LaSpina,* 299 F.3d 165, 180 (2d Cir.2002) (deferring to the jury's credibility determinations), which the evidence sufficiently supports.

As to the district court's evidentiary rulings, we find no "plain error." *United States v. Henry,* 325 F.3d 93, 100 (2d Cir.2003). The hollowed-out magazine seized from Hawkins's apartment was properly admitted to corroborate Kimball's testimony about the methods of the conspiracy and Hawkins's participation in it with Aguirre. Liberty's testimony about his pre-conspiracy deals with Aguirre could be admitted, subject to the proper limiting instruction, to show Aguirre's knowledge and intent (which the defendant put at issue by testifying) and " 'to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the

jury how the illegal relationship between the participants in the crime developed.' " *United States v. Williams,* 205 F.3d 23, 33–34 (2d Cir.2000); *see* Fed.R.Evid. 404(b), 403; *United States v. Garcia,* 291 F.3d 127, 135–36 (2d Cir.2002). The relevance of Hawkins's activities in Arizona, which had nothing to do with Aguirre, is less obvious to us, but, in light of the other evidence, and the absence of any basis for the jury to conclude that Aguirre was implicated in those activities, we see nothing that affected his substantial rights or otherwise compromised the fairness of the proceedings.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**