**UNITED STATES of America,**
**Appellee,**

**v.**

**Fatima SOLANO and Jose Luis Garcia,**
**Defendants–Appellants,**

Norman Betancourt, Carlos H. Garcia
and John J. Aguirre, Defendants.

No. 01–1292(L).

United States Court of Appeals,
Second Circuit.

April 8, 2004.

Jorge Guttlein, Aranda & Guttlein, New York, N.Y., for Appellant Fatima Solano.

Joshua L. Dratel, (Martin J. Siegel, Marshall A. Mintz), New York, N.Y., for Appellant Jose Luis Garcia, of counsel.

Boyd M. Johnson III, Asst. United States Attorney (Meir Feder, Christine H. Chung, Adam B. Siegel, Asst. United States Attorneys), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Present: McLAUGHLIN, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the

judgment of the district court be and hereby is **AFFIRMED.**

Defendants-appellants Fatima Solano and Jose Luis Garcia appeal their convictions pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 for conspiring to distribute cocaine, arguing that the evidence was insufficient to sustain their convictions and that the district court erred in its instructions to the jury. Garcia also challenges his sentence and the district court's denial of his motion for a new trial. For the reasons that follow, we reject their appeals.

We assume familiarity with the proceedings below (including the evidence adduced at trial) and the arguments on appeal. In evaluating the defendants' challenges to the sufficiency of evidence, "we view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor. A conviction will be affirmed if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Johns,* 324 F.3d 94, 97 (2d Cir.2003) (citation and internal quotation marks omitted). "To prove conspiracy, the government must show that [a] defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Samaria,* 239 F.3d 228, 234 (2d Cir.2001) (internal quotation marks omitted). Although, as the defendants accurately point out, "a mere association with conspirators is ... insufficient" to show their "purposeful" participation in the conspiracy, "only slight evidence is required to link another defendant with a conspiracy once the conspiracy has been shown to exist." *United States v. Aleskerova,* 300 F.3d 286, 292 (2d Cir.2002) (internal quotation marks omitted); *accord Samaria,* 239 F.3d at 234.

Solano and Garcia do not dispute that a conspiracy to distribute cocaine existed, but they contend that no rational jury could conclude beyond a reasonable doubt that they knew of the object of the conspiracy and intentionally furthered it. The cases upon which they rely, *see, e.g., Samaria,* 239 F.3d at 240; *United States v. Howard,* 214 F.3d 361 (2d Cir.2000); *United States v. Atehortva,* 17 F.3d 546, 551 (2d Cir.1994); *United States v. Nusraty,* 867 F.2d 759, 765 (2d Cir.1989); *United States v. Wexler,* 838 F.2d 88 (3d Cir.1988); *United States v. Soto,* 716 F.2d 989, 992 (2d Cir.1983), are all distinguishable, however, for the records in those cases "reveal[ed] none of the circumstantial indicia of knowledge of conspiracy that we have previously held may provide sufficient evidence to sustain a conviction for conspiracy," *Atehortva,* 17 F.3d at 551. By contrast, the record here contains post-arrest statements by both defendants in which they admit that they knew that the boxes they were moving contained cocaine. *See* Tr. at 474–75 (Dec. 4, 2000) ("[Solano] told me that she had found out just that day that there was cocaine secreted in the container at her warehouse.... [S]he said [she didn't call the police because] she thought she was going to get paid a couple of thousand dollars...."); *Id.* at 415 ("I asked [Garcia], 'So when you moved the certain boxes which certain individuals told you to move from certain areas of the container, you knew that there were narcotics inside those boxes,' to which he answered, 'Yes, I knew.'"). Although the defendants cast aspersions on the agents who so testified, we must defer to the jury's decisions concerning the credibility of witnesses and the weight of their testimony. *See United States v. LaSpina,* 299

F.3d 165, 180 (2d Cir.2002). Together with other circumstantial evidence—for example, Solano's efforts to have the one container with cocaine delivered to her warehouse while two containers went elsewhere, that the defendants let a homeless man unload the boxes containing only produce, while they personally unloaded the boxes containing cocaine, and Garcia's false exculpatory statements—the jury could rationally have concluded beyond a reasonable doubt that both Solano and Garcia knew that they were furthering a conspiracy to distribute cocaine and intentionally did so.

■ As to the jury instructions, because neither defendant preserved the objection now made, we review for plain error. *See United States v. Miller,* 263 F.3d 1, 4 (2d Cir.2001). It is settled law in this Circuit that "[a] conscious avoidance theory may support a finding that a defendant knew of the objects of the conspiracy, whether or not the underlying substantive offenses require proof of specific intent." *United States v. Tropeano,* 252 F.3d 653, 660 (2d Cir.2001); *accord United States v. Lanza,* 790 F.2d 1015, 1022 (2d Cir.1986). Although we have previously warned district courts not to use language similar to that used here, *compare United States v. Beech–Nut Nutrition Corp.,* 871 F.2d 1181, 1196 (2d Cir.1989) ("In determining whether the defendant you are considering acted knowingly, willfully and intentionally, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious to him.") *with* Tr. at 670 (Dec. 6, 2000) ("In determining whether a defendant acted knowingly and intentionally you may consider whether that defendant deliberately closed his or her eyes to what otherwise would have been obvious."), the district court did not commit plain error because "the charge as a whole properly instructed the jury that conscious avoidance could satisfy only the knowledge element of the offense or the knowledge component of the intent element," *Beech–Nut,* 871 F.2d at 1196; *accord United States v. Eltayib,* 88 F.3d 157, 171 (2d Cir.1996) (finding no plain error where the charge, although perhaps ambiguous, explicitly provided that "the evidence must show beyond a reasonable doubt that [the defendant] in some way associated himself with the venture and participated in it as something that he wished to bring about"). Here, the jury was explicitly instructed that the defendants' actions "must have been the product of his or her conscious objectives, rather than the product of mistake or accident. . . .":

> The Government must prove beyond a reasonable doubt that a defendant knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that that defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

Jury Charge at 35–36; *see also* Jury Charge at 38 ("[K]nowledge without agreement and participation is not sufficient. What is necessary is that the defendants participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives. In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking."). Having read the jury charge as a whole, *United States v. Ferrarini,* 219 F.3d 145, 155 (2d Cir.2000), we find no plain error.

Garcia's challenge to his sentence—that it was based on a drug quantity not found by the jury in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—is foreclosed by

this Circuit's decisions while his appeal was pending. *See United States v. Norris,* 281 F.3d 357, 359 (2d Cir.2002) ("We conclude, in light of our applicable precedents, that *Apprendi* does not apply to enhancements that determine a sentence that is within the applicable statutory maximum and that would otherwise be above the applicable statutory minimum."); *United States v. Thomas,* 274 F.3d 655, 673 (2d Cir.2001) (in. banc) ("Even if a threshold drug quantity is not charged in the indictment or found by the jury ... drug type and quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by the jury."); *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001) ("Where, as here, factual determinations were used to sentence the defendant to a sentence within the maximum allowed by statute, *Apprendi* is not controlling, and such determinations can be made by the court without violating the defendant's right to due process.").

■ Finally, the district court did not abuse its discretion in denying Garcia's motion for a new trial based on Solano's testimony at her sentencing. "[A] new trial is warranted only if the evidence is material, noncumulative, and would *probably* lead to an acquittal," *United States v. Wong,* 78 F.3d 73, 79 (2d Cir.1996) (internal quotation marks omitted, emphasis added); *accord United States v. Gonzalez,* 110 F.3d 936, 943 (2d Cir.1997); *Sanders v. Sullivan,* 863 F.2d 218, 225 (2d Cir. 1988). In reviewing the district court's decision, we recognize that, "having presided over the trial, [the district court] is in a better position to decide what effect the newly discovered materials might have had on the jury," and "[w]e will not disturb a trial court's factual findings regarding the nature and weight of the evidence,

unless those findings are clearly erroneous." *United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995). Contrary to Garcia's argument on appeal, "[t]o say that a trial judge cannot make his or her own evaluation of the testimony of a witness in the context of a [new trial] motion is to ignore the overwhelming weight of authority to the contrary." *United States v. Sanchez,* 969 F.2d 1409, 1413 (2d Cir.1992). Because Solano's testimony suggests that Garcia knew that he was unloading boxes filled with cocaine, and thus had knowledge of the conspiracy and its object when he took a substantial step in its furtherance, her testimony would probably not have led to an acquittal, and therefore we cannot conclude that the district court abused its discretion in denying Garcia's new trial motion.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**