**UNITED STATES of America,**
**Appellee,**

**v.**

**Felix ACOSTA; Asdrobal Duberly Rojas, also known as "Ricardo Rojas"; Luis Dejesus Nerys, also known as "Guavero", also known as "Guava",**

also known as Luis A. Neri; Jose Delourve, also known as "Socio"; Franklin Goris, also known as "Francis"; Edmundo Goris, also known as "Mundi", Defendants,

Alejandro Perez, also known as "Eduardo", Defendant–Appellant.

No. 01–1643.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Alan B. Seidler, Nyack, N.Y. (on submission), for Defendant–Appellant.

Jennifer G. Rodgers, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Michael G. McGovern, Assistant United States Attorney, on the brief) (on submission), for Appellee.

Present: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judges.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

In November 2000, defendant-appellant Alejandro Perez pled guilty, in United States District Court for the Southern District of New York, to one count of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Pre–Sentence Investigation Report ("PSR") assigned Perez a final offense level of 38, based on the following calculations: (1) a base offense level of 38, because the conspiracy involved more than 1.5 kilograms of cocaine base ("crack"), *see* United States Sentencing Guidelines § 2D1.1(c)(1); (2) a three-level enhancement, based on Perez's role as a manager or supervisor of a criminal activity involving five or more participants, *see* U.S.S.G. § 3B1.1(b); and (3) a three-level reduction for acceptance of responsibility, *see* former U.S.S.G. § 3E1.1(a) and (b)(2). In May 2001, Perez challenged various of the PSR's factual findings, prompting the district court (Mukasey, *C.J.*) to hold a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978).

At that hearing, after receiving testimony from a cooperating witness and law enforcement personnel, the district court concluded that the evidence was sufficient to establish that at least 1.5 kilograms of crack were involved. With respect to the three-level role enhancement, however, the court found that, while the evidence clearly established that Perez was a manager or supervisor, it did not suffice to show that the conspiracy involved five or more participants, as required. Consequently, Perez was given a *two*-level enhancement pursuant to § 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity [involving fewer than five participants and not otherwise extensive], increase by two levels").[1] His final offense level was set at 37 and, in November 2001, the district court sentenced him to 262 months' imprisonment, five years' supervised release, and a $100 special assessment.

On appeal, Perez makes two arguments.[2] First, he submits that he was not a manager or supervisor within the meaning of § 3B1.1, but rather simply "one amongst equals," and therefore the two-level enhancement is improper. Second, Perez asserts that the district court erred in declining to give him a § 5K2.0 downward departure based on *United States v. Cordoba–Murgas,* 233 F.3d 704, 709 (2d Cir.2000). In *Cordoba–Murgas,* this Court indicated that such a departure would be appropriate where an upward adjustment was required on the basis of conduct proved only by a preponderance, but about the existence of which the district court had "substantial doubts." *Id.* We reject both of Perez's arguments.

■ First, with respect to the two-level enhancement, we examine the district court's conclusion that Perez deserved the § 3B1.1 adjustment *de novo,* but review the court's factual findings supporting this conclusion for clear error. *See United States v. Paccione,* 202 F.3d 622, 624 (2d Cir.2000); 18 U.S.C. § 3742(e). The court below found, based on the testimony of another participant in the conspiracy, that Perez gave orders, filled in for the leader when the leader was away, acted "like a second manager," and ultimately established his own company. We find no clear error in these determinations, which were bolstered by the testimony of a law en-

---

1. Perez also argued, in advance of the *Fatico* hearing, that the substance in which he trafficked did not meet the Guidelines' definition of crack, and that his proffer statements had been used improperly to increase his sentence. He does not press these objections on appeal.

2. In other sentencing submissions, Perez had argued for downward departures based on his cooperation, his acceptance of responsibility, and extraordinary family circumstances, *see* U.S.S.G. § 5K2.0. He further asserted that he should not have been placed in Criminal History category III. Like certain of the arguments he made prior to the *Fatico* hearing, these are not part of his present appeal.

forcement official.[3] Given these findings, a two-level enhancement pursuant to § 3B1.1(c) was proper. *See United States v. Blount,* 291 F.3d 201, 217 (2d Cir.2002) (a "manager or supervisor [under § 3B1.1] exercised some degree of control over others involved in the commission of the offense ... or played a significant role in the decision to recruit or to supervise lower-level participants") (internal quotation marks omitted; alteration in original).

■ Second, Perez's downward departure argument is likewise unavailing. *Cf. Cordoba–Murgas,* 233 F.3d at 709. While *Cordoba–Murgas* stated that a district court "would be authorized" and "retains discretion" to depart downward, 233 F.3d at 709, some opinions have indicated—at least with respect to multiple adjustments—that district courts "should" depart downward in certain circumstances. *See, e.g., United States v. Outen,* 286 F.3d 622, 627 n. 1 (2d Cir.2002) ("[W]here multiple adjustments, each based on a mere preponderance, resulted in a significant upward adjustment, 'a sentencing judge should require that the weight of the factual record justify a sentence within the adjusted Guidelines range' and depart downwardly if the record did not so justify.") (quoting *United States v. Gigante,* 94 F.3d 53, 56 (2d Cir.1996)); *see also United States v. Norris,* 281 F.3d 357, 361–62 (2d Cir.2002) ("[T]he court may examine whether the conduct underlying multiple upward adjustments was proven by a standard greater than that of preponderance, ... [and] where a higher standard, appropriate to a substantially enhanced sentence

range, is not met, the court should depart downwardly.") (internal quotation marks and citations omitted). We need not decide, however, whether there may be some situations in which a downward departure is required, because the basic prerequisites of *Cordoba–Murgas* are not present here. Therefore, we will not disturb the denial of Perez's downward departure motion.

We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.

---

3. Perez insists that much of this testimony should be disregarded as based on hearsay. But it is well-settled that at sentencing the district court is entitled to rely on evidence which would otherwise be inadmissible, so long as it reasonably concludes that the evidence is reliable. *See, e.g., United States v. Reese,* 33 F.3d 166, 174 (2d Cir.1994) ("[W]hen determining sentence, a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal."). Here, the district court permissibly concluded that the testimony was reliable.