**UNITED STATES of America,**
**Appellee,**

v.

**Luigi MARTINEZ–AQUINO,**
**Defendant–Appellant.**

**No. 05–1687.**

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Gene V. Primomo, Assistant Federal Public Defender for the Northern District of New York and Vermont (Alexander Bunin, Federal Public Defender, Molly Corbett, Assistant Federal Public Defender), Albany, NY, for Appellant, of counsel.

Glenn T. Suddaby, United States Attorney (Geoffrey J.L. Brown, Paul D. Silver,

Assistant United States Attorneys), Syracuse, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY C. STANCEU,* Judge.

### SUMMARY ORDER

Luigi Martinez–Aquino was found guilty by a jury of unlawfully reentering the United States after having been deported for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court found that Martinez–Aquino willfully perjured himself at trial, applied a two-level upward adjustment for obstruction of justice, see U.S.S.G. § 3C1.1, and accordingly sentenced Martinez–Aquino to a Guidelines sentence of, *inter alia*, 70 months' imprisonment. Martinez–Aquino appeals the obstruction of justice enhancement.

Martinez–Aquino asserts that the district court did not make sufficiently detailed findings to support the obstruction enhancement. In particular, Martinez–Aquino argues that the district court failed to make specific findings on each element of the enhancement. This argument is unpersuasive. The district court clearly and unambiguously found that Martinez–Aquino committed perjury at trial. While the district court did not identify any particular false statements, the court found that Martinez–Aquino's testimony was "permeated with lies" in an effort to obstruct the truth-finding process. The court's finding linking Martinez–Aquino's perjured testimony to a willful attempt to obstruct justice is sufficient to support the sentencing enhancement.

* Timothy C. Stanceu, of the United States Court of International Trade, sitting by desig-

Next, Martinez–Aquino contends that the district court improperly relied on conclusory and erroneous statements in the pre-sentence report to justify the sentencing enhancement. Martinez–Aquino's argument fails for two independent reasons. First, as indicated above, the district court expressly found that Martinez–Aquino committed perjury, without relying on the pre-sentence report. Second, the conclusions of the pre-sentence report are sufficiently detailed to support the obstruction enhancement. See *United States v. Johns*, 324 F.3d 94, 98 (2d Cir.), *cert. denied*, 540 U.S. 889, 124 S.Ct. 272, 157 L.Ed.2d 161 (2003). The pre-sentence report indicated Martinez–Aquino's false testimony and concluded that he knowingly gave false testimony about a material matter with the specific purpose of obstructing justice.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.