SUMMARY ORDER
Defendants-appellants Nana Sarpong and Attah Evans Kawesi appeal judgments of conviction entered, respectively, on March 13, 2007 and September 4, 2007, following their pleas of guilty to offenses arising from their participation in interrelated heroin conspiracies. The District Court sentenced Sarpong principally to a 292-month term of imprisonment and Kawesi principally to a 262-month term of imprisonment. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Sarpong argues that his sentence should be vacated because the District Court erroneously applied sentencing enhancements for (1) his role in the offense, as authorized by U.S.S.G. § 3B1.1, and (2) obstruction of justice, as authorized by U.S.S.G. § 3C1.1. We see no basis to disturb the District Court’s determination that these enhancements were warranted.
First, the enhancement arising from Sarpong’s leadership role in the conspiracy is amply supported by evidence showing that Sarpong (1) recruited and directed several drug couriers, J.A. 37; and (2) instructed his co-conspirators to (i) pick-up drug couriers at airports, Tr. 223-24, (ii) distribute heroin, id. at. 230-31, and (iii) collect narcotics proceeds, id. at 227. See, e.g., United States v. Paccione, 202 F.3d 622, 624 (2d Cir.2000) (not clear error to impose leadership enhancement on defendants who “played a crucial role in the planning, coordination, and implementation of a criminal scheme”). It is further supported by the factual finding of the District Court that Sarpong moved to the United States in order to “facilitate ... his leadership function in the enterprise.” J.A. 38. Accordingly, we reject Sarpong’s challenge to the District Court’s application, pursuant to U.S.S.G. § 3B1.1, of an enhancement for his leadership role in the offense.
Second, the District Court’s application of an enhancement for obstruction of justice also finds adequate support in the record. Even if we were to agree with Sarpong’s argument that it was clearly erroneous for the District Court to construe as a threat Sarpong’s statement that witnesses for the government “will not have legs to stand on,” we would still reject his challenge because record evidence showed that Sarpong attempted to bribe a witness. See U.S.S.G. § 3D1.2 cmt. n. 5 (“If ... [a] bribe was given for the purpose of hampering a criminal investigation into the offense, it would constitute obstruction ... under § 3C1.1.... ”). A witness testified that Sarpong promised him that, in return for the witness’s silence, Sarpong would help him and his wife obtain British visas. Tr. 270. The District Court credited this testimony, and we see no basis to question that determination. Accordingly, the District Court did not err in sentencing Sarpong by applying the obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.
Kawesi contends that his sentence was procedurally unreasonable because the District Court did not make an explicit finding that Kawesi had breached his plea agreement with the government. Because *466 this objection was not raised in the District Court, we review it for plain error, United States v. Espinoza, 514 F.3d 209, 212 (2d Cir.2008), and we find none. Under the plea agreement, the government could “seek denial of the adjustment for acceptance of responsibility” and the “imposition of an adjustment for obstruction of justice” if “the defendant ... engaged in conduct, unknown to the [government at the time of the signing of this Agreement, that constitutes obstruction of justice.” Kawesi App. 13. The District Court found that Kawesi obstructed justice and that a “significant portion of the obstructive conduct ... occurred after the plea agreement was entered into.” Id. at 116. Pursuant to the plea agreement, therefore, the government was permitted to urge the imposition of an obstruction of justice enhancement and the denial of an adjustment for acceptance of responsibility. The District Court thus had no obligation to determine whether Kawesi had breached the plea agreement.
CONCLUSION
Having considered all of appellants’ arguments on appeal, and concluded that they are all without merit, we AFFIRM the judgments of the District Court.