11-913-cr
U.S. v. Valderrama

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand twelve.

PRESENT: DENNIS JACOBS,
     **Chief Judge,**
  GUIDO CALABRESI,
  ROSEMARY S. POOLER,
     **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
  **Appellee,**

  **-v.-**         11-913-cr

LUIS VALDERRAMA, a/k/a GORDO,
  **Defendant-Apellant,**

NELSON VIROLA,
  **Defendant.**
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    Frederick Harvey Cohn, New York, N.Y.

**FOR APPELLEE:**           Jo Ann M. Navickas, Lan Nguyen, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Luis Valderrama appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Korman, <u>J.</u>) for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II), and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II).  We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

Valderrama argues that the district court erred by imposing a two-level enhancement for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines. Valderrama's presentencing report ("PSR") recommended the enhancement on the ground that Valderrama had perjured himself at his trial when he testified, *inter alia*, that (1) he was entrapped by a confidential informant and did not initiate the drug transaction for which he was being tried,(2) he was never involved in prior drug transactions, and (3) he did not know where or how the supplier got his drugs.  At trial, the government introduced a recorded conversation between Valderrama and the confidential informant in which Valderrama discussed other drug deals he completed, bragged about the amount of cocaine his supplier could procure, and said that his supplier got his drugs by parcel service from Puerto Rico.  Valderrama tried to explain away the recorded statements by claiming that he was trying to impress the confidential informant so that he could broker more drug transactions with the informant.  The district court concluded that Valderrama had perjured himself, expressly adopted the PSR's finding, and applied the two-level enhancement.

The district court properly concluded that Valderrama committed perjury.  See United States v. Dunnigan, 507 U.S. 87, 94 (1993).  When a defendant objects at sentencing to the perjury enhancement, a district court should review the evidence and make findings "necessary to establish a willful impediment to or obstruction of justice."  Id. at 95.  The district court satisfied this obligation by explicitly adopting the PSR's findings of perjury.  See United States v. Johns, 324 F.3d 94, 97-98 (2d Cir. 2003).

Finding no merit in defendants' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK