UNITED STATES of America, Appellee,

v.

Isaac RABINOWITZ, Appellant.

No. 1108, Docket 78–1080.

United States Court of Appeals,
Second Circuit.

Argued June 21, 1978.

Decided July 17, 1978.

Robert Goldman, New York City, for appellant.

Robert J. Jossen, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., Howard W. Goldstein, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction for possession with intent to distribute and with the distribution of approximately 281,500 tablets of diazepam (Valium) in violation of 21 U.S.C. §§ 812 and 841(a)(1). Appellant was found guilty after an eight-day jury trial in the United States District Court for the Southern District of New York, Irving Ben Cooper, *Judge.* Appellant was also acquitted of conspiracy to violate the federal narcotics law. Finding no reversible error, we affirm the conviction.

Evidence viewed in the light most favorable to the Government reveals that on Wednesday, July 13, 1977, appellant telephoned the proprietor of a New York City pharmacy ("Mr. R"), and offered to sell him a large quantity of Valium. Mr. R indicated that he would not be able to use the Valium himself, but agreed to try to find another purchaser. Two days later, after appellant had made several additional calls to Mr. R to learn if the latter had located a purchaser, Mr. R informed the appellant that he had. At Mr. R's suggestion, appellant brought him a sample of the substance he proposed to sell so that Mr. R could verify its nature. Meanwhile, appellant had been specifically informed that the proposed sale was illegal when he visited a close friend, Eliezer Miller, who inquired of a friend who was a New York City pharma-

cist. The pharmacist told Miller, while appellant listened, that the proposed transaction was illegal.

When appellant called Mr. R on Monday, July 18, 1977, at 2:00 p. m., Mr. R turned the receiver over to Drug Enforcement Agency (DEA) Special Agent Nicholas Alleva who pretended to be Mr. R's associate. Alleva expressed his interest in purchasing the Valium. At 6:00 p. m. that evening, appellant and Agent Alleva again spoke on the phone and agreed to effectuate the sale one hour later in front of Katz's delicatessen in lower Manhattan. After 8:00 p. m., appellant met Agent Alleva at Katz's, transferred six cartons of Valium to him, and was immediately arrested.

Appellant makes essentially two arguments on this appeal. First, he claims that the district judge's supplemental charge to the jury was unbalanced and coercive, thereby denying him a fair trial. And second, he urges that the judge's refusal to permit cross-examination with respect to Mr. R's prior acts of sodomy on children and his psychiatric treatment therefor constituted reversible error. We find that both contentions are without merit.

■ Appellant's first point, that the judge's instructions were unbalanced and coercive, must be examined in context. On the third day of deliberations the jury sent out a lengthy, rather rambling note asking a series of questions seeking substantial clarification of the legal standards they were to apply as to intent, state of mind, consciousness of wrongdoing, seeking contrasting examples, and seeking also significant rereading of testimony. The judge accordingly delivered a rather lengthy supplemental charge which, while using some typically colorful language, some of which could probably be avoided to advantage in the future, was on the whole fairly balanced. And of course the trial court's instructions must be reviewed in their totality. *See, e. g., United States v. Nemes*, 555 F.2d 51, 52 (2d Cir. 1977). Examining the entire supplemental instruction convinces us that the district judge did not encroach on the jury's province to make factual determinations. It would distort the record to conclude as appellant would have us that the judge unfairly marshalled the prosecution's evidence, ignored defense contentions, and intimated that the Government had proved its case. The judge was quite careful to point out on numerous occasions that the jury was the sole trier of fact. *See United States v. Natale*, 526 F.2d 1160, 1169 (2d Cir. 1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976). That portion of the charge pointed to by defendant as most egregious, *see* Transcript 1070–71, where the judge indicates that "there is evidence to the very contrary" of appellant's claim that he lacked criminal intent, is balanced by the judge's immediately following admonition that the jury is to decide which witnesses to believe and where is the truth. To be sure, the charge was not, perhaps, a model of clarity, but we are satisfied that it was adequate.

Nor does the appellant's contention that the judge's manner in delivering the supplemental charge was intended to convey to the jury the judge's belief in the accused's guilt have any merit. While the cold record cannot perhaps recreate the atmosphere in Judge Cooper's courtroom, we are satisfied that the judge conducted himself properly. His conduct of the trial was fair and he cautioned the jury not to guess how the district judge "feel[s] about the facts."

Similarly, we believe that the supplemental instructions did not coerce the jury into a guilty verdict. The district judge, far from disparaging the jury, expressed his appreciation of their conscientious efforts to make a considered and thoughtful decision. If the judge's approach verged on the didactic, it was nevertheless consistent with his duty to *instruct* the jury on the law, and the request for instructions which he had received was so broadly based as to indicate that the jury needed plenty of guidance. Also militating against finding a coerced

verdict is the jury's discriminating result; appellant was acquitted on one count, a conspiracy count, though convicted on the substantive charge. We conclude, therefore, that the supplemental instructions did not coerce a guilty verdict.

■ Appellant's second point is also unpersuasive. We fail to see the logical relevance of the evidence sought to be adduced—prior acts of sodomy upon young children and consequent psychiatric treatment therefor—to the credibility of the witness. The evidence's bearing on the witness's propensity to tell the truth was simply too tenuous for us to hold that the district judge abused his discretion in excluding it. See Fed.R.Evid. 608(b); *United States v. Nuccio*, 373 F.2d 168, 171 (2d Cir.), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 623 (1967) (probative value of homosexual activities on veracity so slight as to justify exclusion); *cf. United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (acts within purview of Fed.R.Evid. 609(a)(2) are those which involve an element of deceit, untruthfulness or falsification), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977). Nor do the prior acts have any bearing on whether the witness would have a tendency to try to curry favor with the DEA. The acts were more than five years old and unrelated in any way to narcotics prosecutions; moreover, there were no pending or anticipated charges against the witness for which he would even need to curry favor. The contention is meritless.

Conviction affirmed.