**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jade R. ANDRUS; Brad T. Andrus,**
**Defendants–Appellants.**

**No. 09–30479**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

**482**

Camille Ann Domingue, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Jade R. Andrus, Lafayette, LA, pro se.

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Jade R. Andrus and Brad T. Andrus appeal their convictions and sentences for taking migratory birds by aid of bait in violation of 16 U.S.C. § 703. The appellants argue that the evidence was insufficient to support their convictions because the Government failed to establish that the field was baited because there was evidence the field had been harvested and there was evidence that the harvest of milo with a stripper header was a normal agri-

cultural practice. They also challenge the sufficiency of the evidence on the argument that the Government failed to prove they should have known the field was baited. The appellants contend that they are not farmers and have no farming knowledge and therefore cannot reasonably be expected to know that the field was baited.

In a case tried before a magistrate judge and affirmed on appeal by the district court, this court "will affirm the magistrate's findings if they are supported by substantial evidence." *United States v. Lee,* 217 F.3d 284, 288 (5th Cir.2000). "Evidence is sufficient to support a conviction if any rational trier of fact could have found the evidence established guilt beyond a reasonable doubt." *United States v. Morgan,* 311 F.3d 611, 613 (5th Cir. 2002) (internal quotation marks and citation omitted). The court examines the evidence as a whole, construing it in the light most favorable to the Government. *Id.*

The appellants' argument that there was testimony that the field was harvested refers to the testimony of Danny Senegal, an employee of the Andrus farm. The magistrate judge implicitly rejected his testimony as incredible, noting that the federal agents with the United States Fish and Wildlife Service testified credibly that the field in question had not been harvested. It is not the function of this court to disturb credibility determinations made by lower courts. *United States v. Turner,* 319 F.3d 716, 720–21 (5th Cir.2003). Additionally, the testimony of the appellants' expert, Andre Fabacher, did not support a conclusion that the use of a stripper header to harvest milo was a normal agricultural practice. Mr. Fabacher testified that he had never witnessed the harvesting of milo

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with a stripper header and only knew of one person, Roland Andrus, who had harvested milo with the device. Roland Andrus was the appellants' father, and he owned the field in question. Mr. Fabacher further admitted that using a stripper header to harvest milo was not a recommended practice.

The appellants' argument that they could not be expected to know that the field was baited ignores their duty to conduct a reasonable inspection of the field, as set forth in *United States v. Delahoussaye,* 573 F.2d 910, 912 (5th Cir.1978); *see Lee,* 217 F.3d at 289. The testimony established that they did not perform an inspection of the field. Further, the agents testified that the condition of the field was obvious and that the unharvested milo was near the blind and the decoys set out by the appellants on the day prior to the hunt. Moreover, the appellants' father owned the farm. Viewed in a light favorable to the Government, the evidence is substantial and supports the convictions of the appellants. *See Lee,* 217 F.3d at 288.

The appellants also argue that the Government failed to timely disclose exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, they contend that the Government did not disclose the curriculum vitae of expert Dr. Ronald Levy until the morning of trial. Dr. Levy's testimony contained no exculpatory or favorable information for the appellants that had been withheld by the Government. Thus, the appellants fail to show that the Government violated their constitutional rights by withholding exculpatory evidence. *See United States v. Moore,* 452 F.3d 382, 387 (5th Cir.2006).

Even assuming that the appellants are alleging a discovery violation, the magistrate judge's decision to admit Dr. Levy's testimony was not an abuse of discretion where the appellants were allowed to present their own expert witness, they effectively cross-examined Dr. Levy, and they did not move for a continuance of the trial. *See United States v. Aguilar,* 503 F.3d 431, 434 (5th Cir.2007).

Finally, the appellants argue that the admission of Dr. Levy's testimony was error by the district court because he was not an expert in the harvesting of milo. The appellants note that Dr. Levy testified that it was not a normal agricultural practice to use a stripper header in the harvesting of milo.

It is unnecessary for this court to determine whether the admission of Dr. Levy's testimony was error. Any error in admitting evidence in a bench trial is harmless if there exists other admissible evidence sufficient to support the conviction. *United States v. Cardenas,* 9 F.3d 1139, 1156 (5th Cir.1993). The appellants' expert, Mr. Fabacher, also testified that it was not the recommended practice to use a stripper header in the harvesting of milo. As such, any error in admitting the testimony of Dr. Levy was harmless. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.