10-2100-cr
United States v. Horsford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand eleven.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                             *Appellee*,


        -v.-                                             10-2100-cr

JASON HORSFORD,

                             *Defendant-Appellant*.

_____

For Appellant:      Gerald J. Di Chiara, Law Office of Gerald Di Chiara, New York, NY.

For Appellee:       Amy Lester, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Appellant appeals from a judgement of conviction entered on May 20, 2010, in the United States District Court for the Southern District of New York (Kaplan, *J.*). Appellant was charged with one count of distributing and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). The underlying criminal activity involved a "buy and bust" operation in which Appellant, along with two other individuals, sold $30 worth of crack cocaine to an undercover officer who was part of the NYPD Bronx Narcotics Unit. The officer supervising the "buy and bust" was Sergeant John Urena.

Appellant appeals his conviction on three principal bases. First, he argues that the district court erred in failing to permit him to inquire about a prior, unrelated Civilian Complaint Review Board ("CCRB") complaint against Sergeant Urena. Second, Appellant argues that the district judge denied him a fair trial by making four remarks, two of which were directed at his attorney's cumulative questioning. Third, Appellant argues that he was denied a fair trial due to prosecutorial misconduct relating principally to three remarks made during summations.

We review limitations on the scope of cross-examination for abuse of discretion. *See United States v. Amico*, 486 U.S. 764, 780 (2d Cir. 2007).

In this case, it is clear that the trial court did not abuse its discretion in declining to permit testimony about the prior CCRB complaint against Sergeant Urena. As the district court observed, although Appellant insists that the CCRB incident was relevant because it involved allegations of property theft from an arrestee, the CCRB case closing report nowhere states this. To the contrary, the CCRB report indicates that the underlying conduct involved no dishonesty. Therefore, the report could not have been probative of Sergeant Urena's truthfulness or untruthfulness. Federal Rule of Evidence 608(b) provides that "for the purpose of attacking or supporting the witness' character for truthfulness," "[s]pecific instances of conduct . . . may . . . be inquired into on cross examination of the witness," provided that they "concern[] the witness' character for truthfulness or untruthfulness." Applying Rule 608(b), we have held that a district court does not abuse its discretion in prohibiting inquiry, where, as here, the prior acts involve no deceit or falsification. *See, e.g.*, *United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (unlawful sex acts).

We reverse for judicial bias "only where an examination of the entire record demonstrates that the jurors have been impressed with the trial judge's partiality to one side to the point that this became a factor in the determination of the jury." *United States v. Mulder*, 273 F.3d 91, 109 (2d Cir. 2001) (quoting *United States v. Salameh*, 152 F.3d 88, 128 (2d Cir. 1998)).

Appellant in this case was not denied a fair trial based on remarks by the district court. Twice the district court told Appellant's counsel to move on to another line of questioning and once the district court expressed annoyance with the suggestion by Appellant's counsel that the fact that the NYPD had not used a recording device during the buy and bust evidenced a

fundamental disinterest in "the quality of evidence that goes before the jury." In response, the district court sustained an objection, and then stated, "You can obviously have 200 officers make the arrest too, but it's not economically sensible." During the prosecution's rebuttal summation, when Appellant's counsel objected to the prosecutor's characterization of evidence as not seriously disputed, the district court stated, "The jury has heard your argument, counselor."

As the Supreme Court held in *Liteky v. United States*, judicial rulings and judicial remarks during the course of a trial, such as those made by the district court, that are disapproving of, or even hostile to, counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." 510 U.S. 540, 555 (1994). The Court explained that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality. *Id.* at 555-56. Here, the record contains no indication that fair judgment by the jury was impossible. Rather, the district court's remarks fell far short of the mark at which we would be required to set aside a verdict.

Finally, a defendant asserting that a prosecutor's remarks warrant a new trial "face[s] a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of [his] right to a fair trial." *United States v. Locascio*, 6 F.3d 924, 945 (2d Cir. 1993).

On the facts of this case, Appellant was not denied a fair trial as a result of prosecutorial misconduct. While the prosecutor did mischaracterize certain evidence by stating that it was undisputed during principal summation, the mischaracterization was not "severe and significant," and therefore, does not warrant reversal of the conviction. *See id*. Moreover, Appellant's attorney corrected the overstatement during his summation, and the prosecution recharacterized the evidence in its rebuttal summation, stating that it was not the subject of any "*real*" dispute." Nothing in the record indicates that the jury was confused as to whether the evidence was disputed, especially in light of the cautionary instruction given twice by the district court, which conveyed to the jury that statements by the lawyers were not to be considered evidence. Accordingly, Appellant was not denied a fair trial based upon the prosecutor's stray remark.

We have considered Appellant's remaining arguments, most of which were not properly preserved for appellate review, and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk