10-1063-cv
Hango v. Atkinson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand twelve.

**PRESENT:**
> **PIERRE N. LEVAL,**
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> > *Circuit Judges.*

_____

**Andrew Hango,**

> *Plaintiff-Appellant*,

> v.                                                                   **10-1063-cv**

**Wanda Royall, Supervisory Immigration Enforcement Agent, Ephraim Moore, Supervisory Immigration Enforcement Agent, Paul Picone, Supervisory Immigration Enforcement Officer, Charlene Monroe, Supervisory Deportation and Detention Officer, John Does, Police Officers 1-15,**

> *Defendants-Cross-Defendants*,

**George Atkinson, Immigration Enforcement Agent, Lawerence Marcus, Immigration Enforcement Agent,**

> *Defendants-Cross-Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:** Andrew Hango, *pro se*, Cleveland, OH.

**FOR DEFENDANT-APPELLEES:** Varuni Nelson and David M. Eskew, Assistant United States Attorneys *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Melançon, *Visiting Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Andrew Hango, *pro se*, appeals from a jury verdict in favor of the defendants on his Eighth Amendment excessive force claims. He also moves to file supplemental documents on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Jurisdiction and Venue

Hango first challenges the transfer of his action from the District of New Jersey to the Eastern District of New York, arguing that the Eastern District lacked "jurisdiction" over his case. Although labeled jurisdictional, these arguments are relevant only to whether venue was proper in the Eastern District, as there is clearly federal question jurisdiction over Hango's claims, which allege violations of the Eighth Amendment to the United States Constitution. *See* 28 U.S.C. § 1331 (federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Regarding the venue transfer, Hango did not move in the Eastern District of New York for retransfer to the District of New

---

[1]The Honorable Tucker L. Melançon of the United States District Court for the Western District of Louisiana.

Jersey and therefore did not preserve his challenge to the transfer order in this Court. *See*

*SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177 (2d Cir. 2000) ("[I]n order to preserve

the opportunity for review of a transfer order in the transferee Circuit, a party must move for

retransfer in the transferee district court."). Further, even if Hango had preserved his venue

challenge, we would find that venue was proper under 28 U.S.C. § 1391(b)(2) because "a

substantial part of the events or omissions" giving rise to Hango's claims occurred at John F.

Kennedy Airport, located within the Eastern District of New York.

## II.     Evidentiary Rulings

Hango next challenges two evidentiary rulings that precluded the introduction of

evidence relating to defendant George Atkinson's disciplinary history and admitted evidence

concerning Hango's immigration history. We review a district court's decision to admit or

preclude evidence for "abuse of discretion." *See Pescatore v. Pan Am. World Airways, Inc.*, 97

F.3d 1, 16 (2d Cir. 1996); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has

abused its discretion if it based its ruling on an erroneous view of the law or on a clearly

erroneous assessment of the evidence, or rendered a decision that cannot be located within the

range of permissible decisions.") (internal citations, quotation marks, and modifications

omitted)). "A new trial is warranted if the court's abuse of discretion clearly prejudiced the

outcome of the trial." *Annis v. Cnty. of Westchester*, 136 F.3d 239, 247 (2d Cir. 1998); s*ee also

Parker v. Reda*, 327 F.3d 211, 213 (2d Cir. 2003). We will grant a new trial only if we are

"convinced that the jury has reached a seriously erroneous result or that the verdict is a

miscarriage of justice." *Pescatore*, 97 F.3d at 17 (internal quotation marks omitted).

3

We find no abuse of discretion in either of the district court's evidentiary rulings. With respect to Hango's immigration history, while Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," we have held that certain evidence falls outside the definition of "other acts" if it is "inextricably intertwined" with other evidence regarding the alleged conduct, or if it is "necessary to complete the story" of the events on trial. *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal citation and quotation marks omitted); *see also United States v. Curley*, 639 F.3d 50, 58-59 (2d Cir. 2011). In addition, background evidence that does not directly establish an element of a claim or defense may be introduced to show "the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988).

In the present case, the district court deferred ruling on the admissibility of Hango's immigration history until after Hango testified that he had learned of a removal order and then voluntarily turned himself in to the immigration authorities for deportation. The remainder of Hango's immigration history was therefore properly admitted to provide the jury with a complete story of the events that led to the altercation in the airport, immediately prior to Hango's deportation. *See Carboni*, 204 F.3d at 44. The evidence also furnished the jury with an explanation of Hango's motivation in resisting the defendants' efforts to deport him. *See Daly*, 842 F.2d at 1388.

With respect to Defendant Atkinson's disciplinary history, while the district court's precise reason for precluding this evidence at trial is unclear, we may affirm that decision on any

4

ground appearing in the record. *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010). In a counseled submission made in the district court, Hango argued that Atkinson's disciplinary record, which concerned an allegation that he had inappropriately kissed an immigration detainee while escorting her on a flight to Ecuador, was admissible to impeach Atkinson on cross-examination under Federal Rule of Evidence 608(b) because he testified at his deposition that he was not on the flight in question and denied kissing the detainee.

"A district court is accorded broad discretion in controlling the scope and extent of cross-examination, and the decision to restrict cross-examination will not be reversed absent an abuse of discretion." *United States v. Wilkerson*, 361 F.3d 717, 734 (2d Cir. 2004) (internal citation and quotation marks omitted). Rule 608(b) states that a court may allow inquiry into specific instances of a witness's prior conduct "if they are probative of the character for truthfulness or untruthfulness" of the witness. The Rule also provides, however, that except for a prior criminal conviction, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *See* Fed. R. Evid. 608(b). Under either prong, the evidence Hango sought to introduce was inadmissible.

First, the district court properly limited inquiry into Atkinson's misconduct on cross-examination because that misconduct did not involve an element of deceit or falsification and therefore had no bearing on his character for truthfulness. *See, e.g.*, *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (uncharged drug use not admissible under Rule 608(b)); *United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978) (no abuse of discretion in precluding evidence of prior sexual acts under Rule 608). Second, in order to prove at trial that Atkinson had not answered truthfully during his deposition, Hango would have been required to introduce

5

extrinsic evidence to show that Atkinson's answers were false. The use of extrinsic evidence in this manner, however, is expressly prohibited by the Rule. *See* Fed. R. Evid. 608(b) ("[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct . . . ."); *United States v. Aponte*, 31 F.3d 86, 87-88 (2d Cir. 1994) (prior false descriptions provided by the witness excluded under Rule 608(b) as extrinsic evidence of the witness's character).

## III.    Other Arguments

To the extent that Hango argues that his attorneys provided ineffective assistance by colluding with the defendants, improperly agreeing to dismiss voluntarily his claims against the New Jersey state defendants, failing to introduce certain evidence, and failing to consult with him before making certain decisions, such allegations are insufficient to warrant a new trial because there is no constitutional right to the effective assistance of counsel in civil cases. *See Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). Further, to the extent Hango argues that he should not be bound by certain decisions made by his attorneys, including the decisions to voluntarily dismiss his claims against the state defendants, withdraw the application for a jury instruction relating to the missing incident reports, and make certain arguments at trial, his argument is similarly without merit. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.") (internal citation and quotation marks omitted)).

Finally, Hango did not present to the district court his arguments concerning jury selection or the defendants' purported failure to locate and disclose videotape and eyewitness evidence. As he has proffered no reason for his failure to raise these issues in the district court, and because resolving these issues involves making factual determinations concerning why the jurors in question did not appear for trial and whether the purported evidence existed, we deem these arguments waived. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006); *Pease v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 446-47 (2d Cir. 2006).

## IV.     Motion to File Supplemental Documents

Rule 10(e)(2) of the Federal Rules of Appellate Procedure provides that, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified" by the court of appeals. Here, the documents with which Hango seeks to supplement the record are either not material to his excessive force claims or are already part of the record on appeal. Accordingly, his motion to file supplemental documents is denied.

We have considered all of Hango's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7