SUMMARY ORDER
Michael Harding pled guilty to one count of conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(l)(B)(ii), and 846. Pri- or to the entry of his plea, the Government filed an information pursuant to 21 U.S.C. § 851 alleging that Harding had at least one previous narcotics conviction. Harding stipulated to two such convictions. The District Court (Underhill, J.) discussed Section 851 with Harding at the plea hearing, explaining that it would, among other things, increase his maximum applicable prison term from twenty years to thirty. Harding did not object to the Section 851 enhancement. The Court eventually arrived at a range of 77 to 96 months’ imprisonment, and settled on a 77 *532 month sentence. On appeal, Harding argues primarily that the District erred by enhancing his maximum available sentence based on the prior narcotics conviction.
Section 851(b) states that a sentencing court, before imposing a second offense enhancement, must inform a defendant of the consequences of the earlier conviction and ask whether he contests that conviction. 21 U.S.C. § 851(b). Harding urges us to hold that Section 851 requires judges literally and specifically to inquire about prior convictions and to inform the defendant of his right to challenge these convictions through a colloquy. See, e.g., United States v. Ramsey, 655 F.2d 398, 400 n. 7 (D.C.Cir.1981) (“[Sjtrict compliance with the statute is required; substantial compliance is not sufficient.”). The Government argues that the Section requires only “substantial compliance,” such as might be achieved through a plea agreement or explanation by Government counsel. We need not reach the issue, however, because any Section 851 error in this case was harmless. As the Government points out, “one of the two specified prior convictions occurred on August 9, 1995, which was well beyond the five years Harding had to challenge it.” The statute expressly provides a limited window during which such challenges may be raised. See 21 U.S.C. § 851(e)(“No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.”). Since the statute permits “increased punishment by reason of one or more prior convictions,” 21 U.S.C. § 851(a)(1), Harding’s single, unchallengeable previous conviction is enough to support the enhanced maximum sentence range. See, e.g., United States v. Dickerson, 514 F.3d 60, 64-65 (1st Cir.2008) (applying harmless error review and holding that “[t]he failure to conduct a § 851(b) colloquy is harmless when all of the prior convictions contained in the information are more than five years old. And if the error is harmless, it cannot be plain.” citations omitted).
We have considered all of Harding’s remaining claims, including his argument that the District Court failed to appreciate its authority to grant him a role reduction and his arguments regarding 21 U.S.C. § 841, and find them meritless. Accordingly, we AFFIRM the decision of the District Court.