09-5086-cr
United States v. Simmons

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand and eleven.

Present:
PETER W. HALL,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

     *Appellee*,

     v.                      No. 09-5086-cr

ASHLEY SIMMONS, A/K/A ROBERT SIMMONS,
A/K/A ASH,

     *Defendant-Appellant*.

───────────────────────────────────────────────

FOR APPELLANT:        ANDREW M. ST. LAURENT, Harris, Cutler & Houghteling, New York, NY.

FOR APPELLEE:        CELIA A. COHEN, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York., Brooklyn, NY.

───────────────────────────────────────────────

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Ashley Simmons appeals from the judgment entered by the district court (Glasser, *J.*), convicting him, following a guilty plea, of one count of access device fraud under 18 U.S.C. §§ 1029(a)(2), 1029(c)(1)(A)(i), and 2, and sentencing him in principal part to 105 months' imprisonment.  Simmons challenges on appeal only the district court's imposition of a four-level leadership enhancement under U.S.S.G. § 3B1.1(a), asserting that the court failed to make sufficient factual findings to support the enhancement.  We assume the parties' familiarity with the underlying facts and procedural history of the case and discuss these only where necessary to explain our decision.

Although Simmons objected at sentencing to the district court's application of the U.S.S.G. § 3B1.1(a) enhancement, he did not assert below that the court failed to make adequate factual findings.  For this reason, we review his present challenge to the sufficiency of the findings only for plain error.  *See United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009).  "To establish plain error, [an] appellant must show there was (1) error (2) that is plain and (3) that affects substantial rights."  *United States v. Cossey*, 632 F.3d 82, 86-87 (2d Cir. 2011).  If these three criteria are satisfied, "we may exercise our discretion to notice the forfeited error only if it "'seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.'"  *Id.* at 87 (quoting *United States v. Doe*, 297 F.3d 76, 82 (2d Cir. 2002)).  In the context of plain error review of sentencing issues, we have held that if a district court's statement provides "'an insufficient basis . . . for us to determine why the district court did what it did,' that is an error

-2-

that affects a defendant's 'substantial rights.'" *Ware*, 577 F.3d at 452 (quoting *United States v. Lewis*, 424 F.3d 239, 247 n.5 (2d Cir. 2005)).

Section 3B1.1(a) of the Sentencing Guidelines provides that a four-level enhancement is appropriate "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." We have held that to apply this enhancement, a district court must make specific factual findings, *see United States v. Skys*, 637 F.3d 146, 156 (2d Cir. 2011), and "may satisfy this obligation by adopting the factual findings in the [Presentence Report ("PSR")], either at the sentencing hearing or in the written judgment," *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008). Here, although the district court did not articulate at sentencing its rationale for applying the § 3B1.1(a) enhancement, it expressly adopted the PSR in its written Statement of Reasons, which was attached to the judgment. Because this procedure is permissible under our precedent, *see id.*, the dispositive question is whether, under plain error review, the PSR provides a sufficient factual basis to support the enhancement. We conclude that it does.

As reflected in the PSR, application of the § 3B1.1(a) enhancement was based on the fact that the underlying criminal activity involved five or more participants. There was no finding that the activity was "otherwise extensive." *See* PSR ¶ 30. Simmons maintains, however, that the factual findings in the PSR are inadequate to support this conclusion because the PSR does not identify with particularity the five alleged participants. Although review of the PSR confirms that only three participants—Simmons, Winsome White, and Donnie Bethea, Jr.—are identified by name, *see United States v. Paccione*, 202 F.3d 622, 625 (2d Cir. 2000) (holding that a defendant can be counted as one of the five participants for purposes of § 3B1.1(a)), there are

sufficient facts on which to conclude that the criminal activity involved five or more participants. The PSR indicates, among other things, that Simmons "used various individuals," one of whom was White, "to recruit others to purchase tickets or merchandise." PSR ¶ 18. It also states that Simmons "purchased fraudulent bank card and credit card account numbers from several individuals." *Id.* In aggregate, this amounts to at least five participants.

Accordingly, although we acknowledge that the discussion in the PSR of the factual predicate for the § 3B1.1(a) enhancement is less than comprehensive, it nonetheless provides an adequate basis for us to determine why the enhancement was warranted. For this reason, Simmons cannot demonstrate under plain error review that any purported error as to the factual findings supporting the enhancement affects his substantial rights. *See Ware*, 577 F.3d at 452.

We have considered all of Simmons's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-