13-940-cr (L), 13-2058-cr (C), 13-2396-cr (C)
U.S. v. Jones

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT:    GUIDO CALABRESI,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                        *Appellee*,

        v.                                                  Nos. 13-940-cr (L)
                                                                 13-2058-cr (C)
JERMAINE M. JONES, SAMUEL V. McCANTS,                            13-2396-cr (C)
MYAISHA G. WHITMORE,

                        *Defendants-Appellants*,

CASH WHITMORE, KING S. BURDEN, ELLIOT LOPEZ,
LUIS MELARA, SERRIA A. McGRIFF,

                        *Defendants*.*

---

    * The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

FOR APPELLANTS:          Timothy A. Austin and Molly Corbett, Assistant Federal Public Defenders, Albany, New York, *for* Defendant-Appellant Jermaine M. Jones.

Kevin A. Luibrand, Albany, New York, *for* Defendant-Appellant Samuel V. McCants.

MARJORIE M. SMITH, Brooklyn, New York, *for* Defendant-Appellant Myaisha G. Whitmore.

FOR APPELLEE:          PAUL D. SILVER, Assistant United States Attorney (Daniel Hanlon, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-appellants appeal from judgments imposed in connection with their convictions for conspiracy to possess with intent to distribute more than fifty grams of cocaine base in the form of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Each appellant's case presents separate issues. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1. Jermaine M. Jones

Jermaine M. Jones was originally sentenced to time served and five years of supervised release. After violating conditions of his release, Jones was sentenced to an additional term of nine-months imprisonment and just over four years of supervised release. On appeal, his counsel

2

moves for leave to withdraw on the ground that there are no non-frivolous bases to challenge that judgment, and the government cross-moves for summary affirmance.

Upon review of the record, we agree that there are no non-frivolous grounds for Jones to challenge the judgment. Accordingly, defense counsel's Anders motion and the government's motion for summary affirmance are GRANTED.

2. Samuel McCants

Samuel McCants was also originally sentenced to time served and five years of supervised release. Six months before the end of his term of supervision, his probation officer filed a petition, charging him with five violations of the terms of his release. After a hearing, the district court revoked McCants's supervised release and sentenced him to an above-guidelines term of fourteen months' imprisonment and thirty months of supervised release. On appeal, McCants argues that the District Court impermissibly relied on facts not in evidence to impose that punishment.

McCants's probation officer filed a sworn affidavit charging McCants with five violations of his supervised release conditions. As a part of a deal between the government and McCants, the government withdrew one of those grounds at McCants's violation hearing, and McCants admitted that he was guilty of the remaining four. But the officer's affidavit remained in the record, and it apprised the court of the facts surrounding withdrawn violation charge. According to the sworn statement, the Vermont state police caught McCants with $4,000 in his car, and when asked about the origin of the cash, McCants told the police that he received the money from a man who had been identified as a heroin dealer. At the violation hearing, the

district court informed McCants that it intended to consider those facts as conduct relevant to the admitted violations. McCants did not object to the District Court's approach.

McCants now argues that the court improperly relied on statements in a charging document for which there was no "independent, testimonial, or documentary" basis in the record. "Because [the defendant] did not raise these procedural objections to the district court at the time of sentencing, we review his claims for plain error." United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). Under a plain error standard, the Court may correct an error only when, among other requirements, an error is "clear or obvious, rather than subject to reasonable dispute." United States v. Marcus, 560 U.S. 258, 262 (2010) (internal quotations omitted).

Here, the judge inferred that McCants had traveled to Vermont for "what appear[ed] to be illicit purposes," and increased McCants's punishment because of that "aggravating factor[]." J. App'x at 43. Nothing prevented the court from doing so. A judge crafting a sentence may consider "any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. To be sure, "[f]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere allegation." United States v. Juwa, 508 F.3d 694, 701 (2d Cir. 2007) (internal quotation marks omitted). But the facts in question were more than a "mere allegation": a probation officer submitted a sworn petition that McCants was stopped out-of-state with a large amount of money that he reported receiving from a known drug dealer. McCants did not contest those facts, request an evidentiary hearing, or object to the judge's stated intention to rely upon them.

Without some basis to believe that the probation officer's sworn statement was unreliable, we cannot say that the District Court's decision to take it into account was clear error.[1]

3. Myaisha Whitmore

Myaisha Whitmore pled guilty and was sentenced to 120 months in prison. On appeal, Whitmore argues that the District Court failed to ascertain the factual basis of her plea, and that the Court improperly allowed for a doubling of her mandatory minimum sentence pursuant to the filing of a prior felony information.

Before her conviction in this case, Whitmore had been convicted of attempted criminal possession of a controlled substance in the fifth degree, a class D felony under New York state law. N.Y. Penal Law § 220.06(5). At her sentencing hearing, Whitmore admitted that she had indeed been convicted of this crime, while asserting that "it was a big misunderstanding at that time." J. App'x at 36. The District Court relied upon that prior felony as a basis for finding applicable the enhanced penalties provided for recidivist narcotics offenders. The District Court, however, failed to warn Whitmore that "any challenge to a prior conviction which is not made before [a] sentence is imposed may not thereafter be raised to attack the sentence," a notice that is required by 21 U.S.C. § 851(b).

In United States v. Espinal, 634 F.3d 655 (2d Cir. 2011), we held that a "[f]ailure to adhere to the letter of § 851's procedures does not automatically invalidate the resulting sentence." Id. at 665. However, we left open the question of whether such "failure to adhere to § 851's procedures" is subject to plain error or harmless error review. Id. at 665 n.7. We need

---

[1] There is some indication in the record that McCants's term of incarceration may have already run. We assume that he is appealing the length of both his incarceration *and* his supervised release. Accordingly, his release from prison would not moot this appeal.

5

not decide the issue in this case, because Whitmore's claim fails even under the more lenient harmless error standard. Whitmore was precluded from "challeng[ing] the validity of [her] prior conviction" because the conviction occurred more than five years before the date of the information filed in this case. 21 U.S.C. § 851(e). Thus, even if the District Court had informed Whitmore that she would not be able to challenge the validity of her conviction after she pled, that notice would have been of no aid to Whitmore because she was barred from doing so. The District Court's omission was thus harmless error. See United States v. Harding, 308 F. App'x 531, 532 (2d Cir. 2009).

We have considered the appellants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk