13-4876-cr
United States v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                       13-4876-cr

RAMELL HOLDER, AKA Edward Holder,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                    WENDY L. FULLER, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, on the brief), *for* Tristram J. Coffin, United States Attorney, District of Vermont, Burlington, VT.

FOR DEFENDANT-APPELLANT:     BARCLAY T. JOHNSON (David L. McColgin on the brief), *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ramell Holder appeals his 168-month sentence, imposed after he pled guilty to one count of conspiracy to distribute 500 grams or more of cocaine and one count of money laundering. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846; 18 U.S.C. §§ 1957(a) and 2. The parties dispute whether the appeal waiver provision in the plea agreement is applicable in light of the district court's arguable failure accurately to describe the terms of the waiver during Holder's plea allocution. See Fed. R. Crim. P. 11(b)(1)(N). Assuming without deciding that the plea agreement's appeal waiver does not bar Holder's appeal of his sentence, but see Tellado v. United States, 745 F.3d 48, 53-54 (2d Cir. 2014); United States v. Cook, 722 F.3d 477, 482-83 (2d Cir. 2013), we nevertheless affirm the judgment of the district court, as Holder's attacks on his sentence lack merit.

First, Holder challenges the district court's finding that at least 15 kilograms of cocaine were attributable to him. The pre-sentence report ("PSR") calculated that Holder was responsible for 15 to 50 kilograms of cocaine because one of his co-conspirators, Kyle Marrero, stated that he purchased 10 to 20 ounces of cocaine from Holder on a

2

weekly basis for nearly four years, and that he also purchased a kilogram of cocaine from Holder on 8 or 9 occasions. At the sentencing hearing, however, Marrero testified that he purchased only 10 to 20 ounces from Holder once or twice a month, and on the occasions when he received a kilogram from Holder, he did not receive any additional cocaine. Even taking the most conservative estimate from Marrero's testimony, he received 370 ounces from Holder in monthly purchases, plus 8 kilograms, yielding a total of nearly 18.5 kilograms. A confidential informant also purchased 442 grams of cocaine from Holder, so the total drug quantity even on the most conservative estimate is just under 19 kilograms. Holder argues that this amount should be discounted further because on some occasions, Marrero received only an ounce or two of cocaine from him. But even taking further reductions into account, the district court did not clearly err in finding that at least 15 kilograms of cocaine were attributable to Holder. See United States v. Prince, 110 F.3d 921, 924 (2d Cir. 1997).

Second, Holder argues that the district court should not have applied the aggravating role enhancement for being a "manager or supervisor" of criminal activity involving five or more participants under United States Sentencing Guideline § 3B1.1(b). Specifically, Holder argues that the district court did not make a finding that five or more participants were involved, because it relied on the PSR's conclusion that Holder's girlfriend, Erin McKenna, was a participant, without determining whether she was criminally culpable. Holder's characterization of the district court's conclusions is inaccurate. The court did not simply rely on the PSR. Instead, the court found that there

3

were five or more individuals located in Vermont and that additional individuals were involved in trips Holder made to New York to meet with his suppliers. Even without including McKenna, the PSR listed four participants in Vermont besides Holder, namely, Marrero, Marcus Sinclar, Jacky Castro, and the individual who would ultimately become the confidential informant. In addition, Marrero testified that Holder had two suppliers in New York, individuals named Deebo and Reyes. Further, Chris Allen testified in the sentencing hearing that he purchased cocaine from Marrero, who was supplied by Holder, and from Holder directly. Finally, Holder himself may be counted as a participant for purposes of the role enhancement. See United States v. Paccione, 202 F.3d 622, 625 (2d Cir. 2000). Accordingly, the district court's finding that there were five or more participants in the criminal activity is amply supported by the record even if McKenna (who was not referred to by the district court) is excluded. The district court therefore did not err in applying the role enhancement. See United States v. Simmons, 441 F. App'x 810, 811 (2d Cir. 2011) (summary order) (holding that although PSR identified only three individuals with particularity, sufficient facts permit conclusion that "[i]n aggregate" there were five participants); cf. United States v. Diamreyan, 684 F.3d 305, 309 (2d Cir. 2012) ("[P]articipants need not be identified by actual name in order for a supervisory enhancement to apply, so long as the record allows the district court reasonably to find the existence of other participants in the scheme." (internal quotation marks omitted)).

Finally, Holder contends that his sentence is disproportionate to those of his co-defendants, none of whom received a sentence of incarceration. We have held that while

4

18 U.S.C. § 3553(a) permits district courts to consider such disparities, it does not require them to do so. See United States v. Wills, 476 F.3d 103, 110 (2d Cir. 2007), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007). In any event, Holder has not established that he was similarly situated to any of his co-defendants. Accordingly, the district court committed no error in failing to reduce Holder's sentence based on the more lenient treatment of his co-defendants.

We have considered Holder's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk