14-4267-cr
United States v. Oscar Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
              CHRISTOPHER F. DRONEY,
                      *Circuit Judges*,
              PAUL A. ENGELMAYER,[*]
                      *Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,

v.

OSCAR RODRIGUEZ, AKA CHAN, AKA CHANG,

        *Defendant-Appellant*.[†]

No. 14-4267-cr

------------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   DANIEL M. PEREZ, Newton, NJ.

FOR APPELLEE:   ANDREW C. ADAMS (Anna M. Skotko, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of the Court is directed to amend the caption of this case as set forth above.

Appeal from a November 4, 2014 judgment of the United States District Court for the Southern District of New York (Walter, J.).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Oscar Rodriguez appeals his conviction and sentence of 240 months' imprisonment followed by five years' supervised release. The sentence was imposed following a jury trial on charges of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. These charges were in connection with allegations that Rodriguez participated in a large-scale marijuana trafficking organization, which distributed marijuana in the New York City area. Rodriguez challenges his conviction on the grounds that the district court erred in disallowing certain cross-examination of Jose Rodriguez—a key prosecution witness—under Rule 403 and the Confrontation Clause, and that the district court committed various procedural errors at sentencing. We assume the parties' familiarity with the facts and procedural history of the case.

1.  Cross-Examination

    a.  Federal Rule of Evidence 403

Under Rule 403, the district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

---

[1] The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sat by designation in the district court below.

evidence. Fed. R. Evid. 403. This Court reviews evidentiary rulings for abuse of discretion. United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010).

Before trial, the Government submitted a motion in limine asking the district court to preclude defense counsel from cross-examining Jose Rodriguez about certain sexual offenses he had committed. Defense counsel argued that the evidence should not be excluded because it bore upon Jose Rodriguez's credibility as a witness. After noting that Jose Rodriguez had admitted his conduct to the government already, the district court excluded the evidence under Rule 403. Defense counsel now argues that this exclusion violated Rule 403, both because the district court did not adequately engage in the Rule 403 balancing test and because it reached the wrong substantive result. Both arguments are unavailing.

The district court in this case engaged in adequate balancing under Rule 403. This Court "do[es] not require a district court to 'articulate the relevant considerations on the record,' and we ordinarily assume that such due consideration was given." United States v. Morgan, 786 F.3d 227, 232 (2d Cir. 2015) (quoting Leopold v. Baccarat, Inc., 174 F.3d 261, 269 n.11 (2d Cir. 1999) (stating that "a simple 'sustained' or 'overruled' will ordinarily suffice" except "in the rare case where the record affirmatively reflects the trial court's failure to exercise its discretion properly")). The district court considered the parties' submissions on the issue, noted the fact that Jose Rodriguez had disclosed his conduct to the government—which undermined defense counsel's argument that his sexual offenses indicated dishonesty—and excluded the evidence. This was plainly sufficient under this Circuit's law.

Moreover, the district court did not abuse its discretion in excluding the evidence under Rule 403. In reasonably similar circumstances, this Court has found that it is not an abuse of discretion to preclude questioning of prosecution witnesses regarding sex crimes because such evidence has insufficient bearing on the witness's credibility. See, e.g., United States v. Reed, 570 F. App'x 104, 109 (2d Cir. 2014) (holding that the district court properly excluded evidence of a witness's sexual abuses under Rule 403, because it would likely distract the jury from fairly assessing his credibility); United States v. Rosa, 11 F.3d 315, 336 (2d Cir. 1993) ("Nor was it an abuse of discretion to exclude evidence of certain types of acts such as rape and burglary as having an insufficient bearing on the witness's credibility."); United States v. Rabinowitz, 578 F.2d 910, 912 (2d Cir. 1978) (holding that the district court did not abuse its discretion in precluding cross-examination on a witness's "prior acts of sodomy upon young children," because such cross examination had limited relevance to the witness's credibility). The district court did not abuse its discretion in coming to a similar conclusion here—especially when Jose Rodriguez was already subject to extensive cross-examination regarding other misconduct, and his admission to the commission of the sexual offenses undermined defense counsel's argument regarding his dishonesty.

   b. Confrontation Clause

To the extent that the defendant also makes an argument under the Confrontation Clause, this claim fails. "The Confrontation Clause guarantees the defendant in a criminal case the right to cross-examine the witnesses against her." United States v. Laljie, 184 F.3d 180, 192 (2d Cir. 1999). However, "the right is not illimitable." Id. Indeed, under

the Confrontation Clause, "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination" based on concerns such as prejudice or the marginal relevance of the evidence. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The defendant's confrontation rights are not violated as long as "the jury is in possession of facts sufficient to make a 'discriminating appraisal' of the particular witness's credibility." United States v. Roldan-Zapata, 916 F.2d 795, 806 (2d Cir. 1990). This Court reviews Confrontation Clause challenges to a district court's decision to restrict cross-examination for abuse of discretion. United States v. Treacy, 639 F.3d 32, 42 (2d Cir. 2011).

The district court properly exercised its wide latitude to impose limits on cross-examination. The evidence in question carried a danger of unfair prejudice against the Government's witness and was a type of cross-examination material that this Circuit has recognized as having limited relevance to a witness's credibility. See, e.g., Rabinowitz, 578 F.2d at 912. Furthermore, in the circumstances of this case, defense counsel's extensive cross-examination of Jose Rodriguez on a wide range of other subjects provided the jury with facts sufficient to make a discriminating appraisal of his credibility. We conclude that the defendant's Confrontation Clause rights were not violated.

2. Sentencing

We review a district court's sentence under an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 46 (2007). Such review has two components: procedural and substantive review. United States v. Cavera, 550 F.3d 180, 189 (2d Cir.

5

2008) (en banc). The defendant raises procedural challenges to his sentence. A district court commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, treats the Guidelines as mandatory, does not consider the 18 U.S.C. § 3553(a) factors, rests its sentence on a clearly erroneous finding of fact, or fails to adequately explain its chosen sentence. Id.

      a.  Sentencing Disparities

In his supplemental pro se brief, the defendant argues that the district court procedurally erred by not considering sentencing disparities between co-defendants under 18 U.S.C. § 3553(a)(6). However, in United States v. Wills, this Court stated that "the primary purpose of [§ 3553(a)(6)] was to minimize nationwide disparities." 476 F.3d 103, 110 (2d Cir. 2007) (emphasis added). As such, consideration of sentencing disparities of co-defendants is permitted but not required: "although § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so." Id. (internal quotation mark omitted); see also United States v. Holder, 586 F. App'x 82, 84 (2d Cir. 2014) ("We have held that while 18 U.S.C. § 3553(a) permits district courts to consider such disparities [between co-defendants], it does not require them to do so."). Thus, the district court did not err in not expressly considering sentencing disparities between co-defendants, since it was not required to do so under § 3553(a)(6).

### b. Attribution of Drugs

The defendant also argues that the district court erred by not making an individualized finding that the scope of the conspiracy he joined involved distribution of 1,000 kilograms of marijuana. This claim clearly fails. As reflected in its verdict form, the jury found that 1,000 kilograms or more of marijuana was reasonably foreseeable to the defendant as part of the conspiracy. The district court properly applied the jury's factual finding regarding drug quantity.

### c. § 3553(a) Analysis

The defendant's pro se brief also argues that the district court procedurally erred by not adequately reviewing all of the 18 U.S.C. § 3553(a) factors. This argument is unavailing. While it is true that § 3553 requires the court to consider the § 3553(a) factors, "there is no requirement that the court mention the required factors, much less explain how each factor affected the court's decision." United States v. Banks, 464 F.3d 184, 190 (2d Cir. 2006). Rather, "we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (quoting United States v. Verkhoglyad, 516 F.3d 122, 129 (2d Cir. 2008)) (internal quotation marks omitted). Here, the district court indicated it had read the Pre-Sentence Report and the sentencing memoranda, heard from both parties, and stated that it had considered all the § 3553(a) factors and comments of Rodriguez's

7

family and friends. Nothing more was required for the court to have adequately fulfilled its obligation to consider the § 3553(a) factors.[2]

     d.  <u>21 U.S.C. § 851</u>

Congress established a specific, multistep procedure to be followed before an enhanced sentence can be imposed based on a prior felony drug conviction. <u>United States v. Espinal</u>, 634 F.3d 655, 662 (2d Cir. 2011). Prior to trial or guilty plea, the government must file and serve on the defendant an information "stating in writing the previous convictions to be relied upon." <u>Id.</u> (quoting 21 U.S.C. § 851(a)(1)). If the defendant is found guilty, the court must ask the defendant after conviction but before sentencing "whether he affirms or denies that he has been previously convicted as alleged in the information." <u>Id.</u> (quoting 21 U.S.C. § 851(b)). At that time, the court must also "inform [the defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." <u>Id.</u> (quoting 21 U.S.C. § 851(b)). Thus, "Section 851 clearly requires that before a sentence is imposed, the court must ask the defendant personally to affirm or deny whether he has been previously convicted as set forth in the information." <u>Id.</u> at 663. However, 21 U.S.C. § 851(e) states that a defendant is precluded from challenging "the validity of any prior conviction . . . which occurred more than five years before the date of the information alleging such prior conviction."

---

[2] In making this argument, the defendant references substantive reasonableness. To the extent that the defendant is arguing that his sentence is substantively unreasonable, his claim clearly fails because he received the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

This Court has yet to decide whether plain error or harmless error review applies to § 851 challenges. However, we need not decide that question here, because the defendant's claim fails even under harmless error review. The defendant argues that the district court erred by not complying with § 851(b)'s requirements. The prior-felony information in this case was filed on March 5, 2012 and the prior conviction occurred on or about September 30, 1997. As such, the defendant was precluded from challenging the conviction under § 851(e), rendering any error harmless. See United States v. Jones, 571 F. App'x 16, 19 (2d Cir. 2014) (finding the district court's failure to comply with § 851's procedures to be harmless error because the defendant was precluded from challenging her prior conviction under § 851(e)); United States v. Harding, 308 F. App'x 531, 532 (2d Cir. 2009) (same).[3]

We have considered Rodriguez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In response, the defendant claims that § 851's procedural requirements are jurisdictional and therefore the court did not have jurisdiction to enhance his sentence without complying with § 851's procedures. However, this Court has squarely held that § 851 is not jurisdictional. Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005).

9