18-3498(L)
*United States v. Dickens, Cruz*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of September, two thousand twenty.

Present:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          Nos. 18-3498, 18-3517

ANDRE MURRAY, AKA DRE, EMELY ROSARIO,
TAMMY PHILLIPS, CARRI POLISKI, AKA RED,

*Defendants*,

GARY DICKENS, AKA "G BABY," AKA "G,"
RICHARD CRUZ,

*Defendants-Appellants*.

---

For Appellee:                               PAUL D. SILVER, Assistant United States
                                            Attorney, *for* Grant C. Jaquith, United States

Attorney for the Northern District of New York, Albany, NY.

For Defendant-Appellant Gary Dickens:     ALLAN B. CRUIKSHANK, JR., Ruchelman & Cruikshank, P.C., Plattsburgh, NY.

For Defendant-Appellant Richard Cruz:     TINA SCHNEIDER, Law Office of Tina Schneider, Portland, ME.

Appeals from judgments of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Gary Dickens and Richard Cruz appeal from judgments of conviction by the United States District Court for the Northern District of New York (D'Agostino, *J.*), entered after a jury found them guilty of conspiracy to possess with the intent to distribute and to distribute 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.     Indictment

Dickens and Cruz contend that the conspiracy count of the indictment is impermissibly duplicitous because it aggregates the amount of cocaine base possessed by their co-conspirators on several separate occasions to allege that the conspiracy involved 28 grams or more in total. As neither objected to the indictment below, we review for plain error. *See United States v. Dupree*, 870 F.3d 62, 71 (2d Cir. 2017).

"[A]n indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." *United States v.*

2

*Vilar*, 729 F.3d 62, 79 (2d Cir. 2013).[1] "[T]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the conspiracy is the crime, and that is one, however diverse its objects." *Id*. Moreover, we have specifically held "that for the purposes of 21 U.S.C. § 841(b), a conspiracy is a violation that involves the aggregate quantity of narcotics attributable to the defendant throughout the entire conspiracy, even if that sum total was transacted in a series of smaller sales."[2] *United States v. Pressley*, 469 F.3d 63, 64 (2d Cir. 2006) (per curiam); *see also United States v. Pauling*, 924 F.3d 649, 657 (2d Cir. 2019) (holding that, even where a defendant does not personally participate in transactions, the drug quantities from those transactions are attributable to the defendant if "he knew of the transactions or they were reasonably foreseeable to him"). Accordingly, the indictment's aggregation of the quantity of cocaine base possessed on multiple occasions to reach the quantity charged in the conspiracy count does not make that count impermissibly duplicitous.

## II. Jury Verdict Form

Dickens and Cruz argue that, because the special verdict form did not ask the jury in a separate question whether cocaine base was the controlled substance involved in the conspiracy before asking about the weight of cocaine base reasonably foreseeable to the defendants, the verdict form unfairly suggested to the jury that cocaine base was involved and violated the defendants' right to jury determination of this fact. The trial record indicates that the final language used for conspiracy count on the verdict form was proposed by the government and

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

[2] Dickens relies on *United States v. Hennings*, No. 18-cr-028-A (RJA), 2018 WL 4221575 (W.D.N.Y. Sept. 5, 2018), but that decision is inapposite because it addressed the aggregation of multiple separate distributions of a controlled substance into one substantive count of possession with intent to distribute and distribution, not a conspiracy count.

3

adopted by the district court without objection from the defendants. Although we do not conclude, as the Government urges, that defendants waived appellate review of this issue, we identify no plain error in the verdict form's language. *See United States v. Binday*, 804 F.3d 558, 581 (2d Cir. 2015).

The conspiracy charged in the indictment was a conspiracy to distribute cocaine base—not any other drug. Throughout its instructions to the jury, to which defendants raised no objection before the district court or on appeal, the district court was clear that the conspiracy charged involved cocaine base. And neither the plain language of the verdict form nor the jury charge suggested that the jurors were required to find that any quantity of cocaine base was involved. The verdict form instructed the jury, if they found the defendant guilty of conspiracy to distribute and/or possess with intent to distribute a controlled substance, to proceed to answer whether the defendant reasonably could have foreseen the amount of the substance containing cocaine base being greater than 28 grams. If the jury answered this question in the negative, the verdict form directed the jury to address a final question, whether the defendant reasonably could have foreseen the substance containing cocaine base being less than 28 grams. In the jury instructions, the district court made clear that it was "entirely up to" the jury to determine whether to reach either question. Gov't App. 31. Had the jury believed that either defendant was guilty of a conspiracy to distribute a controlled substance, but that the defendant could not have reasonably foreseen that the conspiracy involved any cocaine base, it could have reflected this view by answering both questions concerning cocaine base in the negative. While the district court could have asked in a separate question whether cocaine base was the controlled substance involved, we find no plain error in the district court's decision not to do so.

4

### III.    Cruz's Sentencing

The district court found that Cruz was subject to an increased mandatory minimum and maximum sentence pursuant to 21 U.S.C. § 841(b)(1)(B) on the ground that Cruz had a previous conviction for a felony drug offense. Cruz advances three challenges to this determination on appeal.

*First*, Cruz argues that the term "felony drug offense" in the version of § 841(b)(1)(B) in effect at the time of his sentencing is unconstitutionally vague. At the time of Cruz's sentencing, § 841(b)(1)(B) provided for an enhanced penalty if the defendant committed his offense "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B) (2012).[3] The statute defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs." *Id.* § 802(44) (2012).

As Cruz did not raise this challenge below, we review it for plain error. *See United States v. Gasperini*, 894 F.3d 482, 486–87 (2d Cir. 2018). "For an error to be plain, it must, at a minimum, be clear under current law. We typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004). Cruz points to no decision that has held § 802(44) or the term "felony drug offense" to be unconstitutionally vague. Rather, he relies primarily on the Supreme Court's decisions holding the terms "violent felony" and "crime of violence" as used in other statutes to be void for vagueness. *See United States v. Davis*, 139 S. Ct. 2319 (2019); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Johnson v. United*

---

[3] Section 841(b)(1)(B)'s prior drug felony enhancement was subsequently amended to provide for an enhanced penalty if the defendant was previously convicted of either a "serious drug felony" or a "serious violent felony." First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(2)(B), 132 Stat. 5194, 5220–21 (2018).

*States*, 576 U.S. 591 (2015). These cases are inapposite, and they do not suggest that the separate provision concerned here is "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595; *see also United States v. Gonzalez*, 949 F.3d 30, 38–39 (1st Cir. 2020); *United States v. Mattler*, 751 F. App'x 86, 89 (2d Cir. 2018). Accordingly, we find no plain error.

*Second*, Cruz contends that he should be resentenced because the district court failed to follow the procedures set forth in 21 U.S.C. § 851 for imposing an enhanced sentence based on a prior felony drug conviction under § 841(b)(1)(B). Specifically, Cruz alleges, and the government concedes, that the district court failed to comply with § 851(b)'s requirement that the court ascertain whether the defendant affirms or denies the previous conviction, and "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). However, we have previously held that "[f]ailure to adhere to the letter of § 851's procedures does not automatically invalidate the resulting sentence" and that "there is no reason why non-prejudicial errors in complying with the procedural requirements of § 851 should require reversal." *United States v. Espinal*, 634 F.3d 655, 665 (2d Cir. 2011).

While we have not decided whether plain error or harmless error review applies to unpreserved § 851 challenges, *see id.* at 665 n.7, we need not do so here as Cruz's claim fails under harmless error review. Cruz was precluded from challenging the validity of his prior conviction because the conviction occurred more than five years before the date of the information filed in this case. 21 U.S.C. § 851(e). Cruz concedes on appeal that he is barred from challenging the validity of the conviction but argues that he could have mounted unspecified other challenges to it had the district court conducted a proper § 851(b) colloquy. This bare

6

hypothetical is insufficient to establish prejudice. We note that Cruz received proper notice of the government's intention to rely on the prior conviction in support of an increased sentence as required by § 851(a), and that Cruz has not disputed, either in the district court or on appeal, that he was convicted of the felony drug offense concerned. We also note that Cruz failed to dispute any facts contained in the presentence report, which included the fact of his prior conviction, and he did not contest the calculation of a Guidelines criminal history category of III, which was based in part on that conviction. Accordingly, we find that the district court's failure to comply with the procedures set forth in § 851(b) was harmless error. *See, e.g.*, *United States v. Rodriguez*, 648 F. App'x 9, 13–14 (2d Cir. 2016); *United States v. Gabriel*, 599 F. App'x 407, 408 (2d Cir. 2015); *United States v. Jones*, 571 F. App'x 16, 19 (2d Cir. 2014).

*Third*, Cruz argues that the district court violated his Fifth and Sixth Amendment rights by increasing his mandatory minimum because of a prior conviction without submitting the question of whether Cruz had a qualifying prior conviction to a jury. However, as Cruz acknowledges, we are bound by Supreme Court precedent holding that a court may increase a defendant's sentencing range based on the fact of a prior conviction, even where that fact was not charged in the indictment and proved to a jury beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 111 & n.1 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also United States v. Arline*, 835 F.3d 277, 280–81 (2d Cir. 2016) (per curiam). Therefore, we identify no error on this basis.

**IV. Conclusion**

We have considered all of defendants' remaining contentions on appeal and have found in them no grounds for reversal. For the reasons above, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk